■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER PIDGEON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Monserrate, J.), rendered March 25, 1982, convicting him of robbery in the first degree, criminal use of a firearm in the first degree, burglary in the second degree, unlawful imprisonment in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court erred by failing to suppress evidence of the complainant's identification of the defendant at the preliminary hearing, when, prior thereto, a police officer pointed out the defendant to the complainant. However, the complainant's trial testimony about her identification of the defendant at the preliminary hearing is harmless error. The complainant was able to see the defendant throughout most of the 30-minute robbery, from close range, under good lighting conditions (see, People v Johnson, 57 NY2d 969). The hearing court's determination that the complainant had an independent basis for her in-court identification is amply supported by the record (see, People v Jones, 125 AD2d 333, lv denied 69 NY2d 829).

We further find that the court properly allowed an audio and videotape of a lineup into evidence. The probative value of the tape as an aid to determine the reliability of the complainant's identification outweighed any prejudice. In addition, the court took care to redact the most prejudicial statements before allowing the jury to hear the tape (cf., United States v Brown, 644 F2d 101, cert denied 454 US 881; People v Collins, 60 NY2d 214).

The defendant was not prejudiced by the court's failure to give an identification charge in the language which his counsel requested because the charge as given adequately covered the issue of identification (see, People v Whalen, 59 NY2d 273; People v Dory, 59 NY2d 121).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be unpreserved for appellate review or without merit. Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.