■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN KENT, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered June 7, 1984, convicting him of assault in the

second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant stands convicted of assault in the second degree as a result of his attack on two police officers while he was being escorted to a cellblock in the police precinct. The defendant had been arrested earlier that day on charges of criminal trespass. The defendant contends that the facts adduced at the pretrial suppression hearing established that the arresting officer lacked probable cause to arrest him for criminal trespass and, thus, the defendant's motion to dismiss the indictment for assault in the second degree should have been granted as a critical element of the offense was absent, to wit: preventing the police officer from performing "a lawful duty" (Penal Law § 120.05 [3]). We disagree.

The facts adduced at the suppression hearing clearly demonstrated that Officer Loizzo had reasonable cause to believe that the defendant had committed the crime of criminal trespass. The officer had accompanied a deputy commissioner of the Mount Vernon Building Department to a building located at 445-447 4th Avenue in Mount Vernon for the purpose of informing the remaining tenants that the building was in the process of being condemned and that they had to vacate that premises. The defendant, who was not listed as a tenant of the building, was discovered in one of the apartments, and the lock on the door to the apartment in which the defendant was found had been broken. In view of these facts, Officer Loizzo had probable cause to arrest the defendant and, accordingly, the police officers who were attacked by the defendant were in the performance of their "lawful duty" at the time of the assaults.

We further conclude that the trial court did not err in refusing to exclude from evidence a redacted videotape of the defendant's attack on the police officers. A proper foundation was laid by the prosecution for the admission of the tape (*People v McGee,* 49 NY2d 48, *mot to amend remittitur denied* 48 NY2d 919, *cert denied sub nom. Waters v New York,* 446 US 942), the prejudicial portions of the tape were redacted (*see, People v Pidgeon,* 141 AD2d 568), and the jury was instructed not to speculate as to the inaudible portions of the tape (*see, People v Bazelais,* 98 AD2d 802). Under these circumstances, the trial court did not err in admitting the tape into evidence.

Additionally, we reject the defendant's claim that he was

deprived of a fair trial as a result of the trial court's refusal to direct the prosecution to comply with his disclosure request pursuant to CPL 240.44 seeking the production of a police report which was apparently filed by Officer Loizzo as a result of an encounter which he had with the defendant in the same apartment approximately two weeks prior to the defendant's instant arrest on January 24, 1983. Contrary to the defendant's position, this information, if disclosed, would not have affected the ultimate decision on the issues in question *(see, People v Geaslen,* 54 NY2d 510, *appeal after remand* 97 AD2d 957) and, accordingly, the defendant was not deprived of a fair trial by reason of the prosecution's failure to disclose the report.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Kunzeman and Weinstein, JJ., concur.