THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST BYRON, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Kramer, J.), both rendered July 7, 1988, convicting him of robbery in the first degree under Indictment No. 6510/87, upon a jury verdict, and robbery in the first degree under Indictment No. 7177/87, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are reversed, on the law and as a matter of discretion in the interest of justice, a new trial is ordered under Indictment No. 6510/87, the defendant's plea of guilty under Indictment No. 7177/87, is vacated, and the

matter is remitted to the Supreme Court, Kings County, for further proceedings under that indictment. No questions of fact have been raised or considered.

Although the law enforcement officials involved failed to comply with Penal Law § 450.10 by failing to give the defendant notice before the stolen car was returned to the complainant, the defendant was not entitled to dismissal of the indictment, preclusion of all evidence concerning the car, or an "unfavorable inference" jury charge, as the People adequately demonstrated that the defendant was not prejudiced thereby and that the law enforcement officials did not act in bad faith (see, Penal Law § 450.10 [10]; *People v Roper*, 139 AD2d 679; *People v Grieco*, 125 AD2d 490).

However, we conclude that reversal of the judgment of conviction rendered after trial is warranted due to the trial court's erroneous denial of the defendant's challenge for cause to one of the prospective jurors who had indicated during voir dire that she had developed "a personal, personal love" of the prosecutor (see, CPL 270.20 [1] [b]). Although this issue has not been raised by this defendant on appeal, it has been successfully argued by his codefendant, who was tried jointly with this defendant, and whose appeal has been heard with this defendant's appeal and is decided herewith (see, *People v Nicolas*, 171 AD2d 817 [decided herewith]). Under the circumstances of this case we conclude that the interest of justice warrants the reversal of this defendant's conviction as well. Moreover, as the People concede, on this record the reversal of the conviction rendered after a jury trial requires the reversal of the conviction rendered upon the defendant's plea of guilty and the vacatur of that plea (see, *People v Clark*, 45 NY2d 432; *People v Griffith*, 80 AD2d 590).

Since a new trial has been ordered we note that the trial court erred in permitting a police officer to testify as to the description of the perpetrators given to her by the complainant (see, *People v Larsen*, 157 AD2d 672; *People v Williams*, 109 AD2d 906). While, under the circumstances of this case, this error would not warrant reversal of the defendant's conviction (see, *People v Johnson*, 57 NY2d 969; *People v Mobley*, 56 NY2d 584; *People v Williams, supra)*, it should not be repeated upon retrial.

In light of the foregoing, we need not reach the defendant's remaining contentions. Brown, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.

29 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v