■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIDAS DENT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered December 1, 1989, convicting him of robbery in the first degree, robbery in the second degree, robbery in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the jury verdict finding him guilty of robbery and grand larceny was against the weight of the evidence on the issue of identity. Upon the exercise of our factual review power (CPL 470.15 [5]), we find that the verdict is not against the weight of the evidence. The evidence adduced at trial clearly established that the defendant stole the complainant's vehicle at gunpoint. The complainant gave the police a relatively accurate description of the defendant after the incident and then identified the defendant at a lineup a few days later. Accordingly, the jury's finding that the defendant was the perpetrator is not against the weight of the evidence.

At trial, the prosecutor introduced into evidence a photograph of the defendant wearing a black jacket which the complainant testified was identical to the jacket that his assailant wore on the night of the crime. The defense counsel

objected to the introduction of this photograph on the grounds that this photograph was a "mug shot" and that the jacket in the photograph was a popular style and therefore was "proof of nothing". The photograph, which was a profile shot of the defendant, was not the classic mug-shot in that it was not a "double-shot picture, with front and profile shots along-side each other" (Barnes v United States, 365 F2d 509, 510) and the minimal writing on the back of the photograph was whited-out. We conclude that the photograph was properly admitted into evidence because the probative value of this evidence outweighed its potential for prejudice (see, People v Pidgeon, 141 AD2d 568). The black jacket was relevant to the identification of the defendant as the assailant.

Although the law enforcement officials involved failed to comply with Penal Law § 450.10 by failing to give the defendant notice before the stolen car was returned to the complainant, the defendant was not entitled to dismissal of the grand larceny charge, preclusion of all evidence concerning the car, or an "unfavorable inference" jury charge, since the People adequately demonstrated that the defendant was not prejudiced thereby and that the law enforcement officials did not act in bad faith (see, Penal Law § 450.10 [10]; People v Byron, 171 AD2d 802, 803).

Furthermore, assuming, arguendo, that the People failed to give adequate notice of an intention to offer the complainant's identification testimony at trial as required by CPL 710.30, we find that the court did not err in denying the defendant's motion to suppress the witness's identification testimony because a full and fair Wade hearing was held prior to trial, after which the suppression motion was denied and the testimony ruled to be admissible at trial (see, CPL 710.30 [3]; People v White, 118 AD2d 886).

We have considered the defendant's remaining contentions and find that they are without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.