THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON WRIGHT, Appellant. [671 NYS2d 147] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered June 13, 1996, convicting him of criminal possession of stolen property in the fourth degree, unauthorized use of a motor vehicle in the third degree, and unlawfully operating a motor vehicle on a public highway, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial included proof that the victim had purchased his 1984 Honda Accord automobile for $3,500, that it was in "good condition" when the victim last saw it before it was stolen, and that at the time of the theft it had accrued mileage of approximately 151,000 miles. Three photographs of the Honda, taken by a police officer, were admitted into evidence. Further, an expert witness testified that depending on its over-all condition, its mileage, and other factors, a 1984 Honda Accord would have a value of between $1,400 and $3,000.

In light of these and all the other circumstances presented,

we reject the defendant's argument that the evidence adduced at trial was legally or factually insufficient to establish, beyond a reasonable doubt, that the stolen car unlawfully possessed by the defendant was worth at least $1,000 (*see,* Penal Law § 165.45 [1]; § 155.20 [1]; *People v Williams,* 74 NY2d 675; *People v Miller,* 156 AD2d 265; *People v Adams,* 198 AD2d 545; *People v Supino,* 64 AD2d 720). The jury could readily have concluded that when the defendant unlawfully possessed the stolen car, its value exceeded $1,000, even with the relatively minor damage inflicted on it after its theft and prior to its recovery (*see, e.g., People v Mouton,* 173 AD2d 569; *cf., People v Lopez,* 79 NY2d 402; *People v Rivera,* 114 AD2d 305). Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.