■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY RATTRAY, Appellant. [687 NYS2d 641] —Appeal by the defendant from four judgments of the Supreme Court, Queens County (Appelman, J.), all rendered March 20, 1997, convicting him of unauthorized use of a vehicle in the third degree and criminal possession of stolen property in the fourth degree (two counts) under Indictment No. 3726/95, assault in the second degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree under Indictment No. 77/96, criminal possession of stolen property in the third degree, illegal possession of a vehicle identification number (three counts), unauthorized use of a vehicle in the second degree, and unlawful operation of a vehicle on a public highway under Indictment No. 609/96, and criminal possession of a weapon in the third degree (two counts) and endangering the welfare of a child under Indictment No. 2886/96, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's plea allocutions and his waivers of his right to appeal under Indictment Nos. 3726/95, 77/96, 609/96, and 2886/96 demonstrated a voluntary, knowing, and intelligent waiver of his right to challenge on appeal any issues concerning the sentence imposed, including whether it was unduly harsh for the court to direct that the terms of imprisonment

imposed under Indictment Nos. 3726/95, 77/96, and 609/96 would run consecutively to each other and concurrently with the terms of imprisonment imposed under Indictment Nos. 1968/96 (*see, People v Rattray,* 259 AD2d 569 [decided herewith]) and 2886/96 (*see,* Penal Law § 70.30 [1] [d]; *People v Hidalgo,* 91 NY2d 733; *People v Griffin,* 246 AD2d 668; *People v Sanchez,* 256 AD2d 480). We therefore do not consider the defendant's contention that the sentences were unduly harsh. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.