■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY RATTRAY, Appellant. [687 NYS2d 640] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered March 12, 1997, convicting him of criminal possession of stolen property in the third degree, grand larceny in the third degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial included proof that a 1988 Mustang GT was in perfect condition when the driver left it, approximately three hours prior to the theft. Five photographs of the Mustang were admitted into evidence. Further, an expert witness testified that the Mustang had a fair market value of $4,850.

In light of these and all of the other circumstances presented, we reject the defendant's argument that the evidence adduced at trial was legally insufficient to establish, beyond a reasonable doubt, that the stolen car unlawfully possessed by the defendant was worth at least $3,000 (*see,* Penal Law §§ 165.50, 155.35; *People v Williams,* 74 NY2d 675; *People v Wright,* 249 AD2d 428; *People v Adams,* 198 AD2d 545; *People v Sprow,* 173 AD2d 509).

In addition, we find that while the People committed a discovery violation by failing to disclose photographs of the Mustang until two days prior to the commencement of trial, this was not done in bad faith and did not prejudice the defendant. Therefore, preclusion of all of the evidence relating to the value of the Mustang was not warranted (*see, People v Dent,* 183 AD2d 723; *People v Byron,* 171 AD2d 802; *People v Roper,* 139 AD2d 679).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.