■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE COLLINS, Appellant. [732 NYS2d 188] —Judgment unani-

mously affirmed. Memorandum: County Court did not abuse its discretion in denying defendant's motion to preclude the People from introducing photographs of the crime scene into evidence. The photographs were discoverable pursuant to CPL 240.20 (1) (d), but the People did not provide them to defendant until the first day of the trial. "The sanction to be imposed for the failure of the People to comply fully with discovery demands until the time of trial is within the sound discretion of the trial court" (*People v Poladian*, 167 AD2d 912, 912-913, *lv denied* 77 NY2d 881; *see*, CPL 240.70 [1]; *see generally*, *People v Kelly*, 62 NY2d 516, 520-521). Here, there was no showing of bad faith by the People or any prejudice to defendant and thus preclusion was not warranted (*see, People v Rattray*, 259 AD2d 569, *lv denied* 93 NY2d 977; *People v Williams*, 195 AD2d 986, 987, *lv denied* 82 NY2d 905; *People v Poladian, supra*, at 913). Defendant further contends that the court erred in failing to direct the court reporter to transcribe the voir dire. That contention is not properly before us because defendant explicitly waived the transcription of voir dire (*cf., People v Vasquez*, 89 NY2d 521, 534). The verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495), and the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Harvey, J.—Burglary, 3rd Degree.) Present—Green, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.