THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENTA SHELTON, Appellant. [818 NYS2d 618]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered February 5, 2003, convicting him of robbery in the second degree, criminal possession of a weapon in the third degree, criminal sale of a firearm in the third degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the stolen car possessed by the defendant was worth at least $3,000 (*see* Penal Law § 165.50; *People v Rattray,* 259 AD2d 569 [1999]; *People v Wright,* 249 AD2d 428 [1998]).

The County Court providently exercised its discretion in replacing a sworn juror after making a "reasonably thorough inquiry" (CPL 270.35 [2] [a]) into the juror's unavailability, affording the parties the opportunity to be heard and placing the

facts and reasons for its determination on the record (*see* CPL 270.35 [2] [a], [b]; *People v Jeanty,* 94 NY2d 507 [2000]). The Supreme Court reasonably determined that the juror's attendance at her mother-in-law's funeral and burial services would last substantially more than two hours (*see People v Jeanty, supra; People v Merritt,* 299 AD2d 370 [2002]).

The defendant's contention that the prosecutor improperly referred to the hearsay statement of a codefendant during cross-examination and summation is partially unpreserved for appellate review, as the defendant did not object to each of the references made to the codefendant's statement (*see* CPL 470.05 [2]). To the extent that the argument has been preserved for appellate review, the prosecutor was properly permitted to use the codefendant's statement for the nonhearsay purpose of rebutting the defendant's claim that his confession was coerced (*see People v Hughes,* 251 AD2d 513 [1998]; *People v Rodriguez,* 210 AD2d 266 [1994]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.