OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The People’s evidence, viewed as a whole, was sufficient for the jury to determine that the value of the car defendant had attempted to steal was at least $1,500. The arresting officer, who interrupted defendant in the act of trying to start the car with tools, testified that the vehicle was in “fair to good” condition. The officer’s testimony also demonstrated that the car was in running condition, as he removed a wire from the engine in order to prevent anyone from driving the car away after he left the scene with defendant. The car had been regularly maintained, and it was in fact returned to service by its owner, New York Telephone, after defendant’s arrest. Five photographs of the interior and exterior of the car were admitted into evidence and available for the jurors to inspect for themselves. Finally, there was testimony that the “blue book” value of a car of that model and year was nearly $1,000 over the statutory $1,500 minimum. This evidence sufficiently established that the market value of the car was more than $1,500
 
 (People v Carter,
 
 19 NY2d 967).
 

 To the extent preserved, there is no merit in defendant’s contention that he was denied a right to file a
 
 pro se
 
 supplemental brief
 
 (see, People v White,
 
 73 NY2d 468).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 
 *677
 
 Order affirmed in a memorandum.