■ The People of the State of New York, Respondent, v Luis Ortiz, Also Known as Jose Velez, Appellant. The People of the State of New York, Respondent, v Joseph Pino, Appellant.—Judgments, Supreme Court, New York County (Herbert Altman, J.), rendered December 15, 1989, convicting defendants, after a jury trial, of burglary in the second degree, and sentencing defendant Pino to an indeterminate prison term of from three to nine years, and sentencing defendant Ortiz as a predicate felon to an indeterminate prison term of from five to ten years, unanimously affirmed.

Investigating suspicious activity on a fire escape leading to the 12th floor of 324 West 84th Street, police officers observed an open apartment window with its safety gate pushed in. Later, the officers arrested the defendants inside the ransacked apartment, which showed obvious signs of burglary. In addition, the police recovered a VCR remote control from Pino's jacket pocket, and a wrist watch from Ortiz's pants pocket. Pino testified that he and Ortiz were looking for a place to sleep when a black male came running out of the 12th floor apartment, leaving the door open. According to Pino, he and Ortiz went inside the apartment to make sure no one was hurt, and the police arrived as they were leaving.

We disapprove of the prosecutor's closing arguments. However, these arguments are unpreserved for appellate review (CPL 470.05 [2]), and we decline to reach them in the interest of justice. In any case, were we to consider these arguments, we would find them to constitute harmless error in view of the overwhelming evidence against defendants *(People v Crimmins,* 38 NY2d 407).

Contrary to Ortiz's unpreserved argument on appeal, the court's preliminary instructions did not shift the burden of proof to defendants, nor did the court's final instructions evince bias against the defense. The court's interruptions during defense counsel's direct and cross examinations were necessary to facilitate the orderly and expeditious progress of the trial and to enforce the rules of evidence *(People v Arabadjis,* 78 AD2d 614). In addition, we reject Ortiz's argument that his counsel was ineffective for failing to make a pretrial motion to suppress evidence, for eliciting incriminating testimony, and because he failed to object to and request curative instructions with respect to the prosecutor's improper summation *(Strickland v Washington,* 466 US 668).

Pino's argument that the court's final instructions were erroneous because they did not convey that the crime of burglary is made out only if the intent to commit a crime exists contemporaneously with the intent to unlawfully remain is unpreserved for appellate review (CPL 470.05 [2]). In any case, the argument, in the circumstances, is meritless.

Finally, there is no basis for reducing Pino's sentence to the statutory minimum since the sentence imposed was not excessive in light of Pino's lack of remorse and the property damage involved. Concur—Carro, J. P., Milonas, Rosenberger and Kupferman, JJ.