■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAM JONES, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum: The evidence is insufficient to convict defendant of unauthorized use of a vehicle in the second degree. In support of that charge, the People introduced a certificate of conviction reciting that an individual named Sam Jones had previously been convicted of unauthorized use. Relying on People v Vollick (75 NY2d 877, affg 148 AD2d 950), defendant contends that the certificate did not demonstrate that he was the person named therein. We agree. As in Vollick, there was no independent identification evidence to demonstrate that defendant was the person previously convicted. The People rely on trial testimony about defendant's date of birth to establish identity, but there is a discrepancy in the birth date information. The certificate of conviction identifies the defendant in the prior prosecution as Sam Jones, born January 23, 1966, whereas the defendant in

this case told the arresting officer that he was born on January 23, 1969. Given the lack of identifying information, there is insufficient proof to establish that defendant had been convicted of unauthorized use in the preceding 10 years, as required to convict him of second degree unauthorized use (Penal Law § 165.06). We therefore modify the conviction to one for third degree unauthorized use (Penal Law § 165.05 [1]). Defendant must be resentenced accordingly.

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Unauthorized Use of Vehicle, 2nd Degree.) Present—Doerr, J. P., Denman, Boomer, Green and Davis, JJ.