■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN K. DUGAN, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered July 24, 1990, upon a verdict convicting defendant of two counts of the crime of driving while intoxicated.

At approximately 12:02 A.M. on June 2, 1989, defendant was driving east on Park Street in the Village of Fonda, Montgomery County, when two State Troopers observed his vehicle go through an intersection without stopping at a posted stop sign. The Troopers then pulled defendant over. At that time one of the Troopers, Todd Cowper, became aware of an odor of

alcohol coming from the car when defendant handed over his license and registration. In response to a question from Cowper, defendant stated that he had consumed a couple of beers that evening. The Troopers noticed that defendant's breath smelled of alcohol, his speech was slightly slurred and his eyes were red, bloodshot and watery. After defendant failed several field sobriety tests, he was placed under arrest for driving while intoxicated, given the appropriate warnings and transported to the State Police barracks. A breathalyzer test administered at approximately 12:45 A.M. registered defendant's blood alcohol content at .14%.

Thereafter, defendant was indicted on two counts of driving while intoxicated as a felony and for failure to stop at a stop sign. Defendant was subsequently arraigned under an additional information pursuant to CPL 200.60 (2) which accused defendant of having been previously convicted of driving while intoxicated in Albany County on September 8, 1981, as required for the charge of driving while intoxicated as a felony. Defendant denied the prior conviction. Following a jury trial, defendant was convicted of the two felony charges but was acquitted of the failure to stop charge. Defendant was sentenced to concurrent prison terms of 1⅓ to 4 years and was assessed $3,000 in fines on each count. This appeal followed.

Initially, we reject defendant's contention that the People failed to establish through legally sufficient evidence that defendant had a prior conviction of driving while intoxicated within the preceding 10 years as required in order to sustain his felony conviction (see, Vehicle and Traffic Law § 1193 [1] [c]). While it is true that a certificate of conviction, standing alone, is insufficient to establish a defendant's prior conviction (see, People v Jones, 177 AD2d 1000, 1001; People v Vollick, 148 AD2d 950, 951, affd 75 NY2d 877), in this case the People sufficiently supplemented the production of the certificate of conviction with additional identification proof. Peter Lynch, an attorney who was assigned counsel to an individual with the same name as defendant, testified that he represented this individual on a driving while intoxicated conviction in Albany County in 1981 and this individual had the same birthdate as defendant, October 20, 1956. Based on this information (see, People v Jones, supra, at 1001), a jury could reasonably infer that the individual convicted in 1981 and defendant were one and the same.

Next, we conclude that County Court did not err in denying defendant's motion to suppress the breathalyzer results and his inculpatory statement to the police. With respect to the

breathalyzer test, we note that, in his omnibus motion, defendant failed to advance any evidentiary facts to support his contention that the chemical test results should be suppressed. Therefore, County Court properly denied suppression *(see,* CPL 710.60 [3] [b]; *People v Gill,* 138 AD2d 738, 739, *lv denied* 72 NY2d 859). In any event, defendant's sole objection to the breathalyzer test evidence at trial was on the ground that current models of breathalyzer machines are allegedly obsolete. However, the scientific reliability of breathalyzer machines has long been acknowledged *(see, People v Gower,* 42 NY2d 117, 121). As for defendant's contention that the Troopers' initial stop of his vehicle was allegedly illegal, this argument is similarly meritless. At the *Huntley* hearing, Cowper testified that the reason defendant was stopped was his failure to stop at a stop sign. A police officer may make a warrantless arrest for "[a]ny offense when he has reasonable cause to believe that [a] person has committed such offense in his presence" (CPL 140.10 [1] [a]). Because there was reasonable cause for a legal stop, there was no need to suppress any subsequent derivative evidence *(see, People v Ingle,* 36 NY2d 413, 418-419; *People v Frank,* 161 AD2d 794, 795, *lv denied* 76 NY2d 939).

The majority of defendant's remaining arguments, including his preserved challenges to the jury charge and the People's summation, have been considered and found to be unpersuasive. We note that there is no merit to defendant's complaint that the jury was improperly told of his prior driving while intoxicated conviction. Because defendant himself brought the issue into question by denying the existence of the prior conviction, the People were permitted to produce evidence and make reference to the denied conviction as part of their proof on their case *(see,* CPL 200.60 [3] [b]; Bellacosa, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.60, at 517).

Finally, we disagree with defendant that his prison sentence, which was within statutory guidelines (Vehicle and Traffic Law § 1193 [1] [c]; Penal Law § 70.00 [2] [e]; [3] [b]), was unduly harsh and excessive. We find no reason to disturb it given defendant's prior criminal history. Nevertheless, while concurrent sentences were given for the two convictions, it appears that County Court imposed two $3,000 fines for a total assessment of $6,000. This would constitute an illegal sentence under Penal Law former § 80.15, which was in force at the time of the sentence and provided that "[w]here a person is convicted of two or more offenses committed through a single

act * * * and the court imposes a sentence of imprisonment or a fine or both for one of the offenses, a fine shall not be imposed for the other".* Accordingly, one of the two fines imposed must be eliminated.

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Ordered that the judgment is modified, on the law, by reducing the total fine assessed to $3,000; matter remitted to the County Court of Montgomery County for further proceedings pursuant to CPL 460.50 (5); and, as so modified, affirmed.

* Penal Law former § 80.15 was amended (L 1990, ch 892, § 3, eff July 30, 1990) to exclude Vehicle and Traffic Law offenses.