■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS L. ADAMS, Appellant. [603 NYS2d 201] —Yesawich Jr., J. P. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered January 14, 1992, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the third degree and criminal possession of stolen property in the fourth degree.

At approximately 7:30 P.M. on November 22, 1990, a 1979 Chevrolet Caprice station wagon, reportedly stolen in New

York City earlier that day, was pulled over in the Town of Bethlehem, Albany County, by Town Police Officer Timothy Beebe. When the vehicle was stopped, Michael Bettes was driving, defendant was occupying the front passenger seat, and Richard Williams and Dennis Jones were in the rear seat. The four were arrested and defendant was ultimately indicted for criminal possession of stolen property in the third and fourth degrees. After a jury trial, defendant was convicted of both charged crimes and sentenced, as a second felony offender, to indeterminate terms of incarceration of 3½ to 7 years on the first count and 2 to 4 years on the second count, to run concurrently.

On appeal, defendant argues that the verdict was unsupported by, and against the weight of, the evidence in that the value of the vehicle was not adequately proven, that it was not shown that he had exercised sufficient dominion and control over the vehicle to constitute possession, and because defendant's knowledge that the car was stolen was proven only through the testimony of Williams, an accomplice.

As to the car's value, the People proffered photographs of the vehicle as it appeared when it was recovered (see, People v Williams, 143 AD2d 566, affd 74 NY2d 675), the victim's assessment that the car was in good condition and the testimony of a used car dealer, who estimated, based on the "blue book" value of the car with proper adjustments for low mileage, accessories and the damage sustained after the theft as shown in the photographs, that its value was approximately $7,200 when it was recovered, well in excess of the statutory threshold of $3,000 (see, Penal Law § 165.50).

Defendant's possession of the car was established by the testimony of Williams, who recounted defendant's admission to him that he had participated in the theft, and by Bettes' assertion that defendant had driven the car. These accounts were corroborated by the undisputed fact that less than 24 hours after it was stolen defendant was riding in the vehicle with Bettes, who admits having taken part in the crime, by evidence that he knew Bettes and was with him on the day before the theft (see, People v Van Skiver, 111 AD2d 1032, 1034), and by the fact that his physical appearance matched the general description given by the victim of one of the perpetrators (see, Penal Law § 10.00 [8]; People v Arroyo, 194 AD2d 406), particulars which are sufficient to connect defendant with the crime (see, People v Glasper, 52 NY2d 970, 971; People v Benoit, 72 AD2d 648, 649).

Inasmuch as Williams' testimony was not inherently incred-

ible, any conflicts between his account and those of defendant and Bettes, both of whom claim that a man named Henry Williams, and not defendant, actually aided Bettes in the theft, present a credibility question to be resolved by the jury *(see, People v Gaddy,* 191 AD2d 735, 736; *People v June,* 183 AD2d 960, 961, *lv denied* 80 NY2d 905). Considering the totality of the evidence and the inferences which may be drawn therefrom in a light most favorable to the People, a rational trier of fact could fairly conclude, as the jury did, that defendant knowingly possessed a stolen vehicle having a value of over $3,000 *(see, People v Bleakley,* 69 NY2d 490, 495).

Defendant's remaining contention, that County Court erred in denying defendant's motion for a mistrial based on the prosecutor's improper statements during summation, is equally without merit. Contrary to County Court's *Sandoval* ruling, the prosecutor on cross-examination elicited from defendant that he had used a weapon in the course of a prior attempted robbery for which he had been convicted. Defense counsel did not object, move to strike or ask for a curative instruction. Thereafter, however, when the prosecutor commented on this evidence during his summation, defendant objected and moved for a mistrial, which was denied. Given that the initial questioning was apparently not considered objectionable to the defense, defendant cannot be heard to complain of the People's fair comment on that evidence. Moreover, in view of County Court's extensive limiting charge, in which it clearly explained that the fact of the prior conviction was only to be considered insofar as it bore on defendant's credibility, the People's isolated remark was not so prejudicial as to deprive defendant of a fair trial *(see, People v White,* 173 AD2d 897, 897-898, *lv denied* 78 NY2d 976).

Mercure, Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed.