■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BYRON KIRKWOOD, Respondent. [606 NYS2d 612] —Order, Supreme Court, New York County (Renee A. White, J.), entered on or about November 12, 1992, which found the evidence before the grand jury insufficient to sustain that count of the indictment charging defendant with criminal possession of stolen property in the fourth degree, and reduced that charge to criminal possession of stolen property in the fifth degree, unanimously affirmed.

Defendant was indicted for criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree, arising out of his possession of the complainant's 1981 Toyota Corolla on April 20, 1992. The complainant testified that the car was purchased for an undisclosed price by her father, that it had over 90,000 miles on the odometer, that it was in "fair" condition, albeit the trunk had been "broken into" and not repaired, and there was a dent in the driver's door. Additionally, she testified that an unidentified mechanic at an unspecified time offered her $200 for the car, that "according to AAA the book value on the car is about between $800 and $1000", and that, "I was going to investigate selling it when the time came for about $500."

It is established that an "unsupported statement" of value by an owner is not legally sufficient evidence on the issue of value; rather, a victim must provide a basis of knowledge for her statement of value (People v Lopez, 79 NY2d 402). The "offer to purchase" by an unidentified "mechanic", made at an unspecified time, could not provide such a basis of knowledge. It has often been held that an offer to purchase is highly speculative and thus not competent evidence of market value (Hine v Manhattan Ry. Co., 132 NY 477; Brummer v State of New York, 25 AD2d 245, 248-249). A solitary offer at an unspecified time, which was not a legally binding commitment to purchase and was not acted upon, may or may not have been genuine, and can be given little, if any, weight as an indicator of value. The People would nevertheless have this testimony considered as evidence of a "verbal act" admitted to show the basis of the complainant's belief as to the value of the car. If the testimony is incompetent to establish market value, however, then no greater probative force can be as-

cribed to it by virtue of the fact that the complainant gave credence to it. If the testimony cannot establish market value, it cannot serve as a basis to bolster the otherwise unsupported opinion of the complainant.

Absent evidence of the original purchase price, the jury could not infer the vehicle's market value without further evidence *(compare, People v Carter,* 19 NY2d 967; *People v Jackson,* 194 AD2d 691; *People v Stein,* 172 AD2d 1060, *lv denied* 78 NY2d 975). The People correctly argue that absent expert testimony, proof of the recognized "book value," in combination with other testimony, may suffice to establish market value *(People v Williams,* 74 NY2d 675; *People v Stacey,* 173 AD2d 960, *lv denied* 79 NY2d 832; *People v Adams,* 198 AD2d 545). While the motion court erred in finding that evidence of "book value" constitutes inadmissible hearsay *(see, People v Williams, supra),* here, the witness' vague reference that "according to AAA" the book value was "between $800 and $1000" was insufficient to establish that the witness was referring to the generally accepted "blue book." Moreover, there was no evidence, assuming that the witness was referring to the "blue book," that she had personally ascertained this information or that she had done so accurately. Further, accepting that the "blue book" did place a value of $800 to $1000 on the car, the witness herself testified that she was going to "investigate" selling the car for $500, indicating that even she did not give much credence to the "book value" as applied to the particular vehicle's history and condition. Concur—Rosenberger, J. P., Ellerin, Kupferman and Rubin, JJ. [The unpublished decision and order entered herein on December 30, 1993, is hereby recalled and vacated.]