■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. VAUGHN, Appellant. [626 NYS2d 629] —Judgment unanimously affirmed. Memorandum: We reject the contention that the People failed to establish that defendant had been convicted of unauthorized use of a vehicle in the preceding 10 years, as required to convict him of unauthorized use of a vehicle in the second degree. The People supplemented the "transcript of record" with sufficient identifying proof from which the trier of fact could find that the individual convicted of unauthorized use in 1985 and defendant were one and the same (see, People v Dugan, 188 AD2d 927, 928, lv denied 81 NY2d 839; cf., People v Vollick, 148 AD2d 950, affd 75 NY2d

877; *People v Jones,* 177 AD2d 1000). Additionally, defendant failed to preserve for review his contention that the "transcript of record" was improperly admitted into evidence pursuant to CPL 60.60 (1) *(see,* CPL 470.05 [2]) and, in any event, that contention lacks merit.

We reject defendant's contention that the People failed to establish that the value of the stolen car exceeded the statutory minimum of $100 *(see, People v Williams,* 74 NY2d 675; *People v Adams,* 198 AD2d 545, 546). "[A]bsent expert testimony, proof of the recognized 'book value,' in combination with other testimony, may suffice to establish market value" *(People v Kirkwood,* 200 AD2d 409, 410, *lv denied* 83 NY2d 806). Lastly, we reject the contention of defendant that the sentence is unduly harsh or severe and should be reduced as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). There has been no demonstration that County Court abused its discretion or that extraordinary circumstances exist warranting a reduction of the sentence *(see, People v Farrar,* 52 NY2d 302). (Appeal from Judgment of Erie County Court, D'Amico, J.—Criminal Possession Stolen Property, 4th Degree.) Present—Pine, J. P., Lawton, Wesley, Callahan and Davis, JJ.