THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WOODY, Appellant. [806 NYS2d 820]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered July 18, 2003. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). Defendant contends that the verdict is against the weight of the evidence because he testified that he did not sell the drugs at issue, the confidential informant was a convicted felon who was receiving compensation from the Federal Drug Enforcement Administration, and other individuals accused by the confidential informant had been acquitted after trial. Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We further conclude that County Court did not err in refusing to allow defendant to present evidence that other individuals accused by the confidential informant had been acquitted after trial. Any probative value of such evidence was outweighed by its potential to confuse or mislead the jury

or to result in substantial prejudice to the People (*see People v Davis*, 43 NY2d 17, 27 [1977], *cert denied* 435 US 998 [1978], *rearg dismissed* 61 NY2d 670 [1983]).

Defendant further contends that the court erred in denying his motion to dismiss the indictment based on the alleged denial of his statutory right to a speedy trial (*see* CPL 30.30). Defendant waived his right to seek dismissal on speedy trial grounds by failing to move for that relief in writing and upon reasonable notice to the People (*see People v Lawrence*, 64 NY2d 200, 203-204 [1984]; *People v Evans*, 294 AD2d 918 [2002], *lv dismissed* 98 NY2d 768 [2002]; *see also* CPL 210.45 [1]). In any event, the record establishes that defendant's statutory right to a speedy trial was not violated. The entire period from February 18, 2003 until July 7, 2003 is excluded from the six-month statutory period as a "period[ ] of delay occasioned by exceptional circumstances," i.e., witness unavailability due to illness (CPL 30.30 [4] [g]; *see People v Alcequier*, 15 AD3d 162, 163 [2005], *lv denied* 4 NY3d 851 [2005]; *People v Pearson*, 269 AD2d 205 [2000], *lv denied* 95 NY2d 801 [2000]; *People v Moore*, 234 AD2d 567 [1996], *lv denied* 89 NY2d 987 [1997]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Smith, JJ.