# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**51**
**KA 14-00726**
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                         V                          MEMORANDUM AND ORDER

JOHN J. SLACK, ALSO KNOWN AS JOHN SLACK, ALSO
KNOWN AS JONATHAN J. SLACK, DEFENDANT-APPELLANT.
_____

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.
-------------------------------------------------------------------------------

        Appeal from a judgment of the Genesee County Court (Robert C.
Noonan, J.), rendered April 9, 2014.  The judgment convicted
defendant, upon a jury verdict, of grand larceny in the third degree.

        It is hereby ORDERED that the judgment so appealed from is
unanimously modified as a matter of discretion in the interest of
justice and on the law by reducing the conviction to petit larceny and
vacating the sentence, and as modified the judgment is affirmed and
the matter is remitted to Genesee County Court for further proceedings
in accordance with the following memorandum:  Defendant appeals from a
judgment convicting him upon a jury verdict of grand larceny in the
third degree (Penal Law § 155.35).  Defendant failed to preserve for
our review his contention that the conviction is not supported by
legally sufficient evidence inasmuch as he moved for a trial order of
dismissal on a ground different from that raised on appeal (*see People
v Gray*, 86 NY2d 10, 19).  We nevertheless exercise our power to review
that contention as a matter of discretion in the interest of justice
(*see* CPL 470.15 [6] [a]), and we agree with defendant that there is
insufficient evidence that the value of the stolen property exceeded
$3,000.  The value of stolen property is "the market value of the
property at the time and place of the crime, or if such cannot be
satisfactorily ascertained, the cost of replacement of the property
within a reasonable time after the crime" (Penal Law § 155.20 [1]).
It is well settled that "a victim must provide a basis of knowledge
for his [or her] statement of value before it can be accepted as
legally sufficient evidence of such value" (*People v Lopez*, 79 NY2d
402, 404).  Furthermore, "[c]onclusory statements and rough estimates
of value are not sufficient" to establish the value of the property
(*People v Loomis*, 56 AD3d 1046, 1047; *see People v Walker*, 119 AD3d
1402, 1402-1403; *People v Pallagi*, 91 AD3d 1266, 1269).  "Although a
'victim is competent to supply evidence of original cost' . . . ,

'evidence of the original purchase price, without more, will not satisfy the People's burden' " (*People v Geroyianis*, 96 AD3d 1641, 1644, *lv denied* 19 NY3d 996, *reconsideration denied* 19 NY3d 1102).

Here, the victim testified that several specific items were taken, but the only evidence of the value of those items was the victim's testimony regarding the purchase price of some of them, and her hearsay testimony regarding a purported expert's appraisal of some of the property, which was based solely on her description of certain jewelry to the purported expert. Based on the evidence of value in the record, we cannot conclude "that the jury ha[d] a reasonable basis for inferring, rather than speculating, that the value of the property exceeded the statutory threshold" of $3,000 (*People v Sheehy*, 274 AD2d 844, 845, *lv denied* 95 NY2d 938; *cf. People v Pepson*, 61 AD3d 1399, 1400, *lv denied* 12 NY3d 919). We therefore conclude that the evidence is legally insufficient to establish that the value of the property taken exceeded $3,000 (*see People v Echlin*, 188 AD2d 1042, 1042, *lv denied* 81 NY2d 885; *see also People v Quigley*, 70 AD3d 1411, 1412). The evidence is legally sufficient, however, to establish that defendant committed the lesser included offense of petit larceny (*see* Penal Law § 155.25), " 'which requires no proof of value' " (*Quigley*, 70 AD3d at 1412). We therefore modify the judgment by reducing the conviction to that crime and by vacating the sentence, and we remit the matter to County Court for sentencing on the conviction of petit larceny (*see* CPL 470.15 [2] [a]).

Defendant's contention that the court erred in imposing restitution without conducting a hearing is moot, inasmuch as we have vacated the sentence. We note, however, that we agree with defendant that "the record 'does not contain sufficient evidence to establish the amount [of restitution to be imposed]' " (*People v Lawson* [appeal No. 7], 124 AD3d 1249, 1250). Therefore, in view of the fact that we are remitting for sentencing, we further direct that, if the court determines upon remittal that the sentence should include restitution, the court must conduct a hearing to ascertain the amount of restitution, if any, to be imposed.

Defendant further contends that he was denied effective assistance of counsel based on defense counsel's failure to challenge a prospective juror for cause or to exercise a peremptory challenge with respect to that prospective juror. We reject that contention. It is well settled that " 'it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712, quoting *People v Rivera*, 71 NY2d 705, 709), and here, defendant "failed to show the absence of a strategic explanation" for defense counsel's decision not to challenge that prospective juror (*People v Irvin*, 111 AD3d 1294, 1296, *lv denied* 24 NY3d 1044, *reconsideration denied* 26 NY3d 930 [internal quotation marks omitted]; *see People v Boykins*, 134 AD3d 1542, 1542).

The record is insufficient to enable us to review defendant's contention that the court failed to respond appropriately to a jury communication (*see generally People v Kinchen*, 60 NY2d 772, 773-774),

and thus the proper procedural vehicle for raising that contention is by way of a motion pursuant to CPL article 440.  Finally, defendant's contentions regarding the severity of the sentence are moot in light of our determination.

Entered:  March 18, 2016                         Frances E. Cafarell
                                                 Clerk of the Court