People v Tetro (2020 NY Slip Op 01973)





People v Tetro


2020 NY Slip Op 01973


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


26 KA 15-01963

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID TETRO, JR., DEFENDANT-APPELLANT.






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DAVID TETRO, JR., DEFENDANT-APPELLANT PRO SE.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (LISA E. FLEISCHMANN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered October 28, 2015. The judgment convicted defendant, upon a jury verdict, of grand larceny in the second degree, welfare fraud in the third degree and offering a false instrument for filing in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In this prosecution arising from allegations that defendant and his codefendant took advantage of an elderly woman—whom they had befriended and provided with care—by liquidating her assets and appropriating her funds for their own use, defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the second degree (Penal Law § 155.40 [1]), welfare fraud in the third degree (§ 158.15), and offering a false instrument for filing in the first degree (former § 175.35). We affirm.
Defendant contends in his main and pro se supplemental briefs that he was deprived of a fair trial by County Court's purported failure to adequately control the proceedings, as evidenced by certain exchanges between the court and defense counsel, and by the court's intemperate and denigrating remarks, which allegedly impressed upon the jury that the court held an unfavorable opinion of defense counsel and defendant. Defendant failed to preserve that contention for our review (see People v Charleston, 56 NY2d 886, 887-888 [1982]; People v Fudge, 104 AD3d 1169, 1170 [4th Dept 2013], lv denied 21 NY3d 1042 [2013]). In any event, defendant's contention lacks merit. The record establishes that the court properly intervened "to keep the proceedings within the reasonable confines of the issues and to encourage clarity rather than obscurity in the development of proof" (People v Moulton, 43 NY2d 944, 945 [1978]; see People v Gonzalez, 38 NY2d 208, 210-211 [1975]). Although the court, at times, criticized defense counsel's conduct in the presence of the jury and made some intemperate remarks "that would better have been left unsaid," we conclude upon our review of the record as a whole that "the jury was not prevented from arriving at an impartial judgment on the merits" (Moulton, 43 NY2d at 946; see People v Oquendo, 152 AD3d 1220, 1220 [4th Dept 2017], lv denied 30 NY3d 982 [2017]; People v Majors, 64 AD3d 1085, 1087 [3d Dept 2009], lv denied 13 NY3d 860 [2009]; People v Martinez, 35 AD3d 156, 157 [1st Dept 2006], lv denied 8 NY3d 924 [2007]).
Defendant also contends in his main brief that the court committed reversible error by depriving him of the constitutional right to counsel when it prohibited him from communicating with defense counsel about his testimony during overnight recesses while defendant was in the midst of testifying in his defense. Defendant failed to preserve that contention for our review inasmuch as defense counsel was " present and available to register a protest' to [the] restriction on communication that would [have] provide[d] the court with an opportunity to rectify its error" [*2]but did not make a timely protest (People v Umali, 10 NY3d 417, 423 [2008], rearg denied 11 NY3d 744 [2008], cert denied 556 US 1110 [2009]; see People v Narayan, 54 NY2d 106, 112-114 [1981]; People v Tetro, 175 AD3d 1784, 1787 [4th Dept 2019]). Under the circumstances of this case, we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Stewart, 68 AD3d 1438, 1440 [3d Dept 2009], lv denied 14 NY3d 773 [2010]). Contrary to defendant's related contention in his main brief, we conclude under the circumstances of this case that defense counsel's failure to timely object to the prohibition on communication was not so "egregious and prejudicial as to compromise . . . defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152 [2005]; see Stewart, 68 AD3d at 1440).
Defendant further contends in his main and pro se supplemental briefs that the evidence is not legally sufficient to support the conviction and that the verdict is against the weight of the evidence. Viewing the evidence in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]), we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). The jury was entitled to credit the testimony of the People's witnesses, including that of the victim, over the testimony of defendant's witnesses, including that of defendant himself, and we perceive no reason to disturb those credibility determinations (see Tetro, 175 AD3d at 1788).
Defendant further contends in his main brief that he was denied meaningful representation. We conclude, however, that defendant "failed to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings," and that, upon objective evaluation, it cannot be said that defense counsel's strategy was "inconsistent with the actions of a reasonably competent attorney" (People v Henderson, 27 NY3d 509, 513-514 [2016]; see Martinez, 35 AD3d at 157). Although we agree with defendant that defense counsel on various occasions employed boorish, hostile, intolerant, and unprofessional remarks and questions, we nonetheless conclude that, contrary to defendant's assertion, " [t]here is no indication that [defense] counsel's style of trying the case prevented defendant from receiving a fair trial' " (Martinez, 35 AD3d at 157; see People v Calderon, 55 AD3d 321, 323 [1st Dept 2008]). We note that the court repeatedly instructed the jury that remarks of counsel did not constitute evidence and further instructed that the jury was not to allow any objectionable remarks by counsel to interfere with its duty to be impartial and fair to both sides, and the jury is presumed to have followed those instructions (see People v Baker, 14 NY3d 266, 274 [2010]; People v Heesh, 94 AD3d 1159, 1163 [3d Dept 2012], lv denied 19 NY3d 961 [2012]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). To the extent that defendant's contention that he was denied effective assistance of counsel during jury selection is based on matters outside the record on appeal, it must be raised, if at all, by way of a motion pursuant to CPL article 440 (see People v Tuff, 156 AD3d 1372, 1378 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]; People v Rivera, 45 AD3d 1487, 1488 [4th Dept 2007], lv denied 9 NY3d 1038 [2008]).
Defendant also contends in his main brief that he was denied a fair trial by prosecutorial misconduct. Defendant moved for a mistrial after the prosecutor pointed out in the presence of the jury that defendant and codefendant were writing notes and whispering to their attorneys about what questions to ask and requested that the court prohibit them from doing so. "[R]eversal is warranted only if the misconduct has caused such substantial prejudice to defendant that he was denied due process of law" (People v Griffin, 151 AD3d 1824, 1825 [4th Dept 2017], lv denied 30 NY3d 949 [2017]). " In measuring whether substantial prejudice has occurred, one must look at the severity and frequency of the conduct, whether the court took appropriate action to dilute the effect of that conduct, and whether review of the evidence indicates that without the conduct the same result would undoubtedly have been reached' " (id. at 1825-1826). Here, we conclude that the alleged misconduct was not severe, and the court took appropriate curative action to dilute any prejudice to defendant by instructing the jury that there was nothing inappropriate about defendant and codefendant speaking with their attorneys and that such conduct was not to be held against them (see id.; People v Stanton, 43 AD3d 1299, 1300 [4th Dept 2007], lv denied 9 NY3d 993 [2007]). We thus conclude that the alleged [*3]prosecutorial misconduct did not warrant reversal and that the court therefore did not abuse its discretion by denying the motion for a mistrial (see generally Griffin, 151 AD3d at 1826). Defendant failed to preserve for our review his contention with respect to the remaining instances of alleged prosecutorial misconduct (see CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's further contention in his main brief, the court did not abuse its discretion in denying, without a hearing, his motion pursuant to CPL 330.30 (2) to set aside the verdict based on alleged juror misconduct. The court properly concluded that "[t]he moving papers [did] not contain sworn allegations of all facts essential to support the motion" (CPL 330.40 [2] [e] [ii]; see People v Blalark, 126 AD3d 1124, 1127 [3d Dept 2015], lv denied 27 NY3d 992 [2016]; People v Kerner, 299 AD2d 913, 913 [4th Dept 2002], lv denied 99 NY2d 583 [2003]).
We have reviewed the remaining contentions raised in defendant's pro se supplemental briefs and conclude that none warrants reversal or modification of the judgment.
Defendant failed to preserve for our review his contention that, in determining the sentence to be imposed, the court penalized him for exercising his right to a jury trial, inasmuch as defendant did not raise that contention at sentencing (see People v Stubinger, 87 AD3d 1316, 1317 [4th Dept 2011], lv denied 18 NY3d 862 [2011]). In any event, that contention is without merit. "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial . . . , and there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial" (id. [internal quotation marks omitted]). Finally, the sentence is not unduly harsh or severe.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court