People v Irvine (2021 NY Slip Op 04869)





People v Irvine


2021 NY Slip Op 04869


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND DEJOSEPH, JJ.


609 KA 14-00664

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON IRVINE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.
JASON IRVINE, DEFENDANT-APPELLANT PRO SE.


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered February 7, 2014. The judgment convicted defendant upon a jury verdict of burglary in the second degree, grand larceny in the fourth degree, criminal possession of a controlled substance in the fifth degree, criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]), grand larceny in the fourth degree
(§ 155.30 [8]), criminal possession of stolen property in the fourth degree (§ 165.45 [5]), and criminal possession of stolen property in the fifth degree (§ 165.40), arising from a series of incidents in which defendant, among other things, stole a motor vehicle. We affirm.
Defendant contends in his main brief that the evidence is legally insufficient to support the conviction of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree because the evidence fails to establish that the value of the vehicle exceeded $100. Defendant's contention is not preserved for our review because his motion for a trial order of dismissal was not
" 'specifically directed' at the error being urged" on appeal (People v Hawkins, 11 NY3d 484, 492 [2008]; see People v Gray, 86 NY2d 10, 19 [1995]; People v Askia, 38 AD3d 1212, 1212 [4th Dept 2007], lv denied 9 NY3d 839 [2007]).
Nonetheless, " 'we necessarily review the evidence adduced as to each of the elements of th[ose] crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]; see People v Danielson, 9 NY3d 342, 349 [2007]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that, viewing the evidence in light of the elements of those crimes as charged to the jury (see Danielson, 9 NY3d at 348-349), it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention in his main brief, the People proved beyond a reasonable doubt that the value of the vehicle exceeded $100 inasmuch as the owner testified, without objection, that the vehicle was purchased new for $34,000 less than 10 years prior to the incident, was returned to use after the incident and was still in good working condition at the time of trial, and carried a "blue book" value of at least $4,900, and the People also introduced in evidence photographs of the interior and exterior of the vehicle (see People v Williams, 74 NY2d 675, 676 [1989]; People v Chacon, 11 AD3d 906, 907 [4th Dept 2004], lv denied 3 NY3d 755 [2004]). To the extent that defendant contends that the owner's testimony was not credible, "the jury was in the best position to assess [*2]the credibility of the witnesses" (People v Chelley, 121 AD3d 1505, 1506 [4th Dept 2014], lv denied 24 NY3d 1218 [2015], reconsideration denied 25 NY3d 1070 [2015] [internal quotation marks omitted]), and we perceive no reason to reject the jury's credibility determinations (see People v Singh, 35 AD3d 317, 317 [1st Dept 2006], lv denied 8 NY3d 927 [2007]).
Contrary to defendant's contention in his pro se supplemental brief, we conclude that the verdict on the charge of burglary in the second degree is not against the weight of the evidence with respect to the intent element inasmuch as the jury was entitled to infer defendant's intent to commit a crime at the time of entry " 'from the circumstances of the entry, from [his] unexplained or unauthorized presence on the premises and from [his] actions . . . when confronted' " (People v Jamieson, 88 AD3d 1298, 1299 [4th Dept 2011]; see People v Mitchell, 254 AD2d 830, 831 [4th Dept 1998], lv denied 92 NY2d 984 [1998]). Defendant failed to preserve for our review his related contention in his pro se supplemental brief that Supreme Court erred in failing to adequately instruct the jury on the intent element of the burglary in the second degree charge (see People v Mason, 177 AD2d 988, 988 [4th Dept 1991], lv denied 79 NY2d 950 [1992]; People v Ortiz, 173 AD2d 330, 331 [1st Dept 1991], lv denied 78 NY3d 1079 [1991]) and, in any event, that contention lacks merit (see CJI2d[NY] Penal Law § 140.25 [2]).
We reject defendant's further contention in his main and pro se supplemental briefs that he was denied effective assistance of counsel. Although defense counsel erred in asking defendant whether he had three prior felony convictions after the court in its Sandoval ruling limited the prosecutor to asking whether defendant had two prior felony convictions, we conclude that defense counsel's error was " 'not so egregious and prejudicial that [it] deprived defendant of his right to a fair trial' " (People v Reitz, 125 AD3d 1425, 1425 [4th Dept 2015], lv denied 26 NY3d 934 [2015], reconsideration denied 26 NY3d 1091 [2015]; see People v Stumbo, 155 AD3d 1604, 1605 [4th Dept 2017], lv denied 30 NY3d 1120 [2018]). Additionally, even assuming, arguendo, that an objection by defense counsel to the admission of defendant's arrest photographs would have had a chance of success (see People v Diaz, 277 AD2d 325, 325 [2d Dept 2000], lv denied 96 NY2d 758 [2001]; see generally People v Caban, 5 NY3d 143, 152 [2005]), we conclude that the discrete error by defense counsel in failing to object to the admission of that evidence was also "not so egregious as to deprive defendant of a fair trial" (People v Galens, 111 AD3d 1322, 1323 [4th Dept 2013], lv denied 22 NY3d 1088 [2014]; see generally People v Howard, 22 NY3d 388, 400 [2013]; Diaz, 277 AD2d at 325). Defendant's claim that he was denied effective assistance based on defense counsel's performance during the cross-examination of certain prosecution witnesses involves "a simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial" (People v Flores, 84 NY2d 184, 187 [1994]), and defendant's speculation that a more vigorous cross-examination might have undermined the credibility of witnesses does not establish ineffectiveness of counsel (see People v Williams, 110 AD3d 1458, 1459-1460 [4th Dept 2013], lv denied 22 NY3d 1160 [2014]). To the extent that defendant's claim that he was denied effective assistance of counsel is based on matters outside the record on appeal, including his assertions that defense counsel failed to investigate, call certain witnesses, and object to evidence that the People purportedly failed to disclose during pretrial discovery, it must be raised by way of a motion pursuant to CPL article 440 (see People v Resto, 147 AD3d 1331, 1334-1335 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017]; People v Reyes, 60 AD3d 873, 875 [2d Dept 2009], lv denied 12 NY3d 920 [2009]). Defendant's remaining claims of ineffective assistance of counsel are without merit and, to the extent that defendant's contention is reviewable on this appeal, we conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]; People v Goodson, 144 AD3d 1515, 1517 [4th Dept 2016], lv denied 29 NY3d 949 [2017]).
We reject defendant's contention in his main brief that the sentence is unduly harsh and severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Finally, we have reviewed the remaining contentions raised in defendant's pro se supplemental brief and conclude that none warrants reversal or modification of the judgment.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court