People v Nivelo (2023 NY Slip Op 06382)

People v Nivelo

2023 NY Slip Op 06382

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2022-06043
 (Ind. No. 2497/19)

[*1]The People of the State of New York, respondent,
v
Jose A. Nivelo, appellant.

Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Jonathan E. Maseng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), rendered July 26, 2022, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 23 years, to be followed by a period of postrelease supervision of 15 years.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 23 years, to be followed by a period of postrelease supervision of 15 years, to a determinate term of imprisonment of 17 years, to be followed by a period of postrelease supervision of 15 years; as so modified, the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that he was deprived of his right to a fair trial by the Supreme Court's participation in the questioning of the trial witnesses (see CPL 470.05[2]; People v Ojeda, 118 AD3d 919, 919). In any event, while certain of the court's interventions were improper, when the record is viewed as a whole, the court's conduct did not prevent the jury from arriving at an impartial verdict on the merits (see People v Moulton, 43 NY2d 944, 946; People v Reid, 212 AD3d 845, 847; People v Martinez, 201 AD3d 658, 660). Further, the record as a whole demonstrates that the court was impartial and not biased against the defendant (see People v Reid, 198 AD3d 819, 820; People v Ojeda, 118 AD3d at 919).
The defendant's contention that certain remarks made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review, since the defendant failed to object to the remarks at issue (see CPL 470.05[2]; People v Stallone, 204 AD3d 841, 842). In any event, the contention is without merit. The challenged remarks, for the most part, were fair response to defense counsel's comments during summation (see People v Medina, 207 AD3d 570, 572), and any improper remarks were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Rochard, 219 AD3d 639).
The defendant's contention that the Supreme Court penalized him for exercising his right to a jury trial is unpreserved for appellate review, since he did not raise it at the sentencing hearing (see People v Ellerbee, 203 AD3d 1068, 1070). In any event, the record fails to establish [*2]that the court penalized the defendant for exercising his right to proceed to trial (see People v Martinez, 26 NY3d 196, 200; People v Baptiste, 204 AD3d 825, 827). However, the sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court