People v Hickey (2023 NY Slip Op 06676)

People v Hickey

2023 NY Slip Op 06676

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND NOWAK, JJ.

980 KA 22-01196

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY R. HICKEY, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Jennifer M. Noto, J.), rendered July 7, 2022. The judgment convicted defendant upon his plea of guilty of attempted assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), defendant contends that his statutory right to a speedy trial was violated inasmuch as County Court erred in denying that part of his omnibus motion seeking to strike the People's certificate of compliance as invalid. By pleading guilty, defendant forfeited review of his contention regarding the motion to strike (see People v Smith, 217 AD3d 1578, 1578 [4th Dept 2023]). Moreover, defendant's statutory speedy trial contention is unpreserved for our review (see People v Hardy, 47 NY2d 500, 505 [1979]; People v Valentin, 183 AD3d 1271, 1272 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]; People v Pohl, 160 AD3d 1453, 1454 [4th Dept 2018], lv denied 32 NY3d 940 [2018]; cf. People v Gaskin, 214 AD3d 1353, 1355 [4th Dept 2023]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; Valentin, 183 AD3d at 1272; Pohl, 160 AD3d at 1454). Finally, the sentence is not unduly harsh or severe.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court