People v Szurgot (2025 NY Slip Op 03906)

People v Szurgot

2025 NY Slip Op 03906

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND HANNAH, JJ.

406 KA 23-01786

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY W. SZURGOT, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered August 17, 2023. The judgment convicted defendant upon a jury verdict of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree and bail jumping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal possession of stolen property in the third degree under count 1 of the indictment and dismissing that count and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of stolen property in the third degree (Penal Law § 165.50), criminal possession of stolen property in the fourth degree (§ 165.45 [5]), and bail jumping in the second degree (§ 215.56). As defendant properly concedes, his contention that County Court violated CPL 270.15 (2) with respect to the sequence for exercising peremptory challenges is not preserved for our review (see People v Stewart, 231 AD3d 1480, 1481 [4th Dept 2024], lv denied 42 NY3d 1054 [2024]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to defendant's contention, the failure to follow the mandates of CPL 270.15 (2) does not fall within the " 'very narrow exception' " of a mode of proceedings error to the preservation rule (People v Mack, 27 NY3d 534, 540 [2016], rearg denied 28 NY3d 944 [2016]).
Defendant further contends that the court impermissibly aided the prosecution or otherwise became an advocate for the People at trial. To the extent that defendant's contention is preserved for our review (see generally People v Charleston, 56 NY2d 886, 887 [1982]), although the court made certain improper interventions and remarks "that would better have been left unsaid," we conclude upon our review of the record as a whole that "the jury was not prevented from arriving at an impartial judgment on the merits" (People v Moulton, 43 NY2d 944, 946 [1978]; see People v Nivelo, 222 AD3d 779, 780 [2d Dept 2023], lv denied 41 NY3d 984 [2024]; People v Tetro, 181 AD3d 1286, 1287 [4th Dept 2020], lv denied 35 NY3d 1070 [2020]).
By failing to make a motion in writing and upon notice to the People, defendant waived his contention that the court erred in denying his motion during trial to dismiss the indictment based on the alleged denial of his statutory right to a speedy trial pursuant to CPL 30.30 (see People v Woody, 24 AD3d 1300, 1301 [4th Dept 2005], lv denied 7 NY3d 852 [2006]). Further, even if defendant had not waived that contention, the statutory speedy trial issue is not preserved for our review because defendant sought only to strike the People's certificate of compliance and a discovery sanction (see generally People v Hickey, 222 AD3d 1429, 1429 [4th Dept 2023], lv denied 41 NY3d 943 [2024]).
We agree with defendant, however, that the evidence is not legally sufficient to support the conviction of criminal possession of stolen property in the third degree under count 1 of the indictment because there is insufficient evidence that the value of the stolen property was more than $3,000 (see generally People v Danielson, 9 NY3d 342, 349 [2007]). "A verdict is legally sufficient when, viewing the facts in a light most favorable to the People, there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (id. [internal quotation marks omitted]). "A sufficiency inquiry requires a court to marshal competent facts most favorable to the People and determine whether, as a matter of law, a jury could logically conclude that the People sustained its burden of proof" (id.). Regarding the crime at issue, a person is guilty of criminal possession of stolen property in the third degree when that person "knowingly possesses stolen property, with intent to benefit [that person] or a person other than an owner thereof or to impede the recovery by an owner thereof, and when the value of the property exceeds [$3,000]" (Penal Law § 165.50). As relevant here, the value of stolen property is "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (§ 155.20 [1]). When the stolen property is a vehicle, in the "absen[ce of] expert testimony, proof of the recognized 'book value,' in combination with other testimony, may suffice to establish market value" (People v Kirkwood, 200 AD2d 409, 410 [1st Dept 1994], lv denied 83 NY2d 806 [1994]; see People v Williams, 74 NY2d 675, 676 [1989]; People v Irvine, 197 AD3d 988, 990 [4th Dept 2021], lv denied 37 NY3d 1060 [2021]; People v Vaughn, 214 AD2d 972, 973 [4th Dept 1995], lv denied 86 NY2d 742 [1995]). Nevertheless, "a victim must provide a basis of knowledge for [their] statement of value before it can be accepted as legally sufficient evidence of such value" (People v Lopez, 79 NY2d 402, 404 [1992]), and "[c]onclusory statements and rough estimates of value are not sufficient to establish the value of the property" (People v Hensley, 227 AD3d 1548, 1551 [4th Dept 2024] [internal quotation marks omitted]; see People v Box, 181 AD3d 1238, 1241 [4th Dept 2020], lv denied 35 NY3d 1025 [2020], cert denied — US &mdash, 141 S Ct 1099 [2021]).
Here, in addition to photographs of the vehicle admitted in evidence, the victim testified that he purchased the subject 2010 Toyota Prius as a new vehicle for approximately $20,000, that he drove it 240,000 miles over the course of the subsequent 12 years, and that it was in a "[h]eavily used," albeit running, condition when it was stolen. Although the victim testified that he had previously consulted the "blue book" when considering whether to sell the vehicle, he ultimately provided, based on the condition of the vehicle and unspecified research, only vague testimony that his "guess" or "approximate estimation" was that the vehicle was valued at $4,000, which constituted a "[c]onclusory statement[ or] rough estimate[ ] of value [that is] not sufficient to establish the value of the property" at the time of its theft (Hensley, 227 AD3d at 1551 [internal quotation marks omitted]; see Kirkwood, 200 AD2d at 410). Moreover, although a police officer testified that he estimated that the vehicle was valued between $6,000 and $10,000 based on his observations of the vehicle and consultation with the "blue book," that testimony was also conclusory. Indeed, there was no evidence that the officer had accurately ascertained the "blue book" value—which inexplicably varied significantly from the victim's estimate—by appropriately accounting for the age, mileage, and condition of the vehicle (see Kirkwood, 200 AD2d at 410; cf. People v Adams, 198 AD2d 545, 546 [3d Dept 1993]; see generally Box, 181 AD3d at 1242). Based on the evidence of value in the record, we cannot conclude " 'that the jury ha[d] a reasonable basis for inferring, rather than speculating, that the value of the property exceeded the statutory threshold' of $3,000" (People v Slack, 137 AD3d 1568, 1570 [4th Dept 2016], lv denied 27 NY3d 1139 [2016]; see Penal Law § 165.50; Hensley, 227 AD3d at 1551). Consequently, we conclude on this record that the evidence is legally insufficient to establish that the value of the stolen vehicle was greater than $3,000 (see Hensley, 227 AD3d at 1551). We therefore modify the judgment by reversing that part convicting defendant of criminal possession of stolen property in the third degree under count 1 of the indictment and dismissing that count.
Viewing the evidence in light of the elements of criminal possession of stolen property in the fourth degree as charged to the jury (see Danielson, 9 NY3d at 349), we reject defendant's further contention that the verdict convicting him of that crime is against the weight of the evidence with respect to the element of possession. Among other things, a witness testified that he observed defendant exit the stolen vehicle, which prompted the witness to call law enforcement. We likewise reject defendant's contention that the verdict convicting him of bail jumping in the second degree is against the weight of the evidence (see generally People v [*2]Houghtaling, 144 AD3d 1591, 1591 [4th Dept 2016], lv denied 29 NY3d 949 [2017], reconsideration denied 30 NY3d 950 [2017]).
Finally, contrary to defendant's contention, we conclude that the sentence imposed on the remaining counts is not unduly harsh or severe.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court