OPINION OF THE COURT
Meyer, J.
Two issues are raised by the People’s appeal. First, is a private club, which is incorporated pursuant to State law as a nonprofit corporation and which sells liquor only to members, exempt from New York liquor license requirements? Second, are private clubs outside the scope of section 44-11A of the Municipal Code of the City of Rochester,* which prohibits maintenance of a public resort at which the peace, comfort or decency of a neighborhood is disturbed? Both courts below *503 answered these questions affirmatively. Defendants, of course, argue in support of the decisions below, but also urge that the Municipal Code of the City of Rochester provision is unconstitutionally vague, that they have been denied their right to a speedy trial, and that the informations are factually insufficient.
We reverse the lqwer courts and hold that under the Alcoholic Beverage Control Law private clubs must be licensed if they sell liquor, that section 44-11A of the Municipal Code of the City of Rochester is constitutional, and that whether a private club is a public resort within the meaning of the latter provision is, under the circumstances of this case, a question to be decided by the fact finder. For the reasons hereafter stated, we do not reach the speedy trial issue or the question whether the informations are factually sufficient.
The defendants, Clarence Hardy, Eddie Davis, Robert Lawson, and Nathaniel Ficklin, incorporated the Fellowmen Community Development Corporation. That corporation operated an establishment at 127 Pennsylvania Avenue, Rochester, New York, in which liquor was sold. On November 6, 1976, a police officer entered the premises and was asked whether he was a member of the club. Upon answering that he was not, the officer was told he could purchase a membership for a dollar which would be valid for a month. He did so, and while in the bar, he purchased two beers and two mixed drinks. On November 20, 1976, a different police officer observed that while defendants were in control of the premises, liquor was being sold and loud and abusive crowds gathered at the club in the early hours of the morning.
Defendants were subsequently arrested for selling liquor without a license in violation of subdivision 1 of section 100 (par [b]) of the Alcoholic Beverage Control Law, and for violating section 44-11A of the Municipal Code of the City of Rochester by keeping a place of public resort by which the peace, comfort or decency of its neighborhood was disturbed. Defendants moved to dismiss and the Rochester City Court granted the motion holding that neither the Alcoholic Beverage Control Law nor the city code applied to private clubs. On appeal the Monroe County Court affirmed in all respects, adding that in any event the informations would have to be dismissed for violation of CPL 30.30 (subd 1, par [b]) concerning speedy trial.
Clear from the language of the Alcoholic Beverage *504 Control Law is the legislative intent that it apply to a club such as is here involved. Subdivision 1 of section 100 of the Alcoholic Beverage Control Law forbids a sale by any person of any alcoholic beverage without obtaining a license, section 3 (subd 22) defines "person” to include a corporation and section 3 (subd 28) defines "sale” as any transfer, exchange or barter in any manner or by any means whatsoever for a consideration. Moreover, "clubs” are defined in section 3 (subd 9) to include an organization of persons under the Not-For-Profit Corporation Law, section 106 (subd 8) expressly provides that "licensed clubs” may only sell alcoholic beverages to members or to guests accompanying them, section 66 fixes the annual fee for a club license, section 64 (subd 6) contains a specific reference to clubs in relation to the maintenance of restaurant service, and there is no exemption or other provision in the Alcoholic Beverage Control Law permitting sale by an unlicensed club.
The conclusion thus reached accords not only with the wording of the statute but with its purpose as well. The policies and regulations established by the Legislature and by the authority pursuant to authorization by the Legislature would quickly become meaningless if their requirements could be avoided.by simply incorporating as a private club (Matter of New York State Liq. Auth. v Sutton Social Club, 93 Misc 2d 1024, 1030). The courts below erred in dismissing so much of the information as was grounded upon subdivision 1 of section 100 of the Alcoholic Beverage Control Law.
It was likewise error to dismiss the information charging violation of the city code. Section 44-11A of that code provides in pertinent part that: "No person shall knowingly keep * * * any place of public resort by which the peace, comfort, or decency of a neighborhood is disturbed”, and section 44-1 defines "a place of public resort” to mean: "any place of any description where the broad class of persons who constitute the public has a right to go for frequent assemblies and shall include but not be limited to those places that are solely public in nature.” The question then is not whether the Fellowmen Community Development Corporation was organized as a private club but whether it was in fact being operated, through the indiscriminate sale of membership cards for a nominal fee to anyone who sought entry, as a place where the public had a right to go. There being nothing in the code expressly excluding a private club from its provisions, *505 the issue whether it was kept as a "place of public resort” was one of fact rather than law and thus has not yet been determined in this case.
Defendants’ further contention that the city code provision is void for vagueness is without merit. The test of whether a law possesses the certainty and definiteness mandated by due process is whether the language of the statute would indicate to reasonable persons the nature of the conduct it proscribes (see, e.g., People v Firth, 3 NY2d 472, 474). The code provision here in question refers not to a person but to a neighborhood the peace, comfort or decency of which is disturbed and, therefore, clearly provides an objective rather than a subjective standard by which disturbance is to be measured. Were its language less clear in that respect it would, in any event, be construed to refer to conduct that would disturb substantially a reasonable man (People v Harvey, 307 NY 588). That part of the code provision in issue in this case essentially prohibits disturbance of the peace, or disorderly conduct. We have upheld such statutes against a vagueness challenge many times (see, e.g., People v Todaro, 26 NY2d 325; People v Thomas, 23 NY2d 659, remittitur amd 23 NY2d 805; People v Turner, 17 NY2d 829; People v Feiner, 300 NY 391; see, also, Disorderly Conduct — Vagueness, Ann., 12 ALR3d 1448).
There remain for consideration the issues of the sufficiency of the informations and whether defendants’ rights under CPL 30.30 (subd 1, par [b]) have been denied. We do not reach either issue on the present record. As to the sufficiency of the informations, the issue was not passed upon by the courts below and there appears, from the briefs at least, to be a substantial question, not answerable from the record before us, concerning whether defendants, other than defendant Lawson, were arraigned on only the information of November 20, 1976 or on the earlier information as well. As to the speedy trial question, it has never been properly raised (see CPL 170.45, 210.45) and, therefore, should not have been considered by the County Court. A defendant who desires to raise the issue whether there has been compliance with the speedy trial statute must do so formally rather than as an added argument in an appellate brief, so that the People will have sufficient opportunity to put their side of the question before the court (cf. People v Adams, 38 NY2d 605). While the issue was not properly presented and is not available for our *506 review, that does not preclude defendants, if they are so advised, from raising it before the City Court on remittal.
Accordingly, the order dismissing the information should be reversed, the informations should be reinstated, and the matter should be remitted to the City Court of the City of Rochester for further proceedings on the informations.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Fuchsberg taking no part.
Order reversed, etc.

 While the County and City Court orders designate the code provision allegedly violated as section 44-11-8, the information and the parties in their respective briefs refer to it as section 44-11 A.