Gabrielli, J.
(dissenting). I agree with the majority that the State has pre-empted the field of “regulation of establishments which sell alcoholic beverages” (p 467), and that the goal of the Alcoholic Beverage Control Law is “to regulate and control the manufacture, sale and distribution within the state of alcoholic beverages for the purpose of fostering and promoting temperance in their consumption and respect for and obedience to law” (Alcoholic Beverage Control Law, §2). The Legislature has seen fit to achieve these purposes primarily through regulation of the sale of liquor, rather than by regulating the conduct of the consumers of liquor.
I disagree, however, with the majority’s conclusion that the local ordinance challenged on this appeal (City of Rochester Municipal Code, § 44-14), which penalizes only the patrons of after-hours establishments, operates in an area the Legislature has reserved to the State under the Alcoholic Beverage Control Law. This ordinance is aimed, not at liquor regulation, but at the protection of the peace, comfort and decency of the neighborhood — surely, a legitimate goal of local government (cf. People v Hardy, 47 NY2d 500). In his memorandum in support of the ordinance, the acting police chief noted the various police problems caused by the patronizing of after-hours drinking" establishments. In my view, the City of Rochester certainly has the power to enact ordinances to deal with such purely local problems, in a manner which does not interfere with *473 the State’s power to regulate liquor. I believe that this is all the challenged ordinance sought to accomplish.
Accordingly, I would reverse and hold the ordinance to be a valid and lawful exercise of local government power.
Chief Judge Cooke and Judges Jones, Wachtler and Meyer concur with Judge Fuchsberg; Judge Gabrielli dissents and votes to reverse in a separate opinion in which Judge Jasen concurs.
Order affirmed.