*207 OPINION OF THE COURT
David B. Saxe, J.
The issue here is whether the Administrative Code of the City of New York § B32-303.0 (Cabaret Law), prohibiting certain establishments from remaining open between 4:00 a.m. and 8:00 a.m., is preempted by State Law dealing with the sale of liquor (Alcoholic Beverage Control Law § 106 [5] [b]).
The facts are these: The petitioner, "The Limelight” discotheque, was charged by the respondent Department of Consumer Affairs (DCA) with violating Administrative Code § B32-303.0 by remaining open after 4:00 a.m. on July 6, 1985 and allowing approximately 60 patrons to remain on the premises until 4:45 a.m. At the hearing, the petitioner stipulated that it had operated its cabaret during the hours prohibited by Cabaret Law § B32-303.0. The hearing officer did not address the issue as to whether the State law preempted the local law. Such a determination, he stated, was beyond the jurisdiction of the tribunal. The matter was therefore decided solely on the basis of the local law.
In a decision dated January 16, 1986 the petitioner was found to have violated the provision, ordered to cease its prohibited activity immediately and directed to pay a fine of $100. An administrative appeal was denied.
On January 24, 1986 the petitioner was granted a stay of enforcement of the order by DCA. In this CPLR article 78 proceeding the petitioner seeks to annul the order and to preliminarily enjoin DCA from enforcing it as well.
The success of petitioners’ challenge involves the constitutionality of a statute which cannot be reviewed in an article 78 proceeding. The proper procedure for such review is an action for a declaratory judgment. (See, Board of Educ. v Gootnick, 49 NY2d 683.) Accordingly, this article 78 proceeding is converted into a declaratory judgment action pursuant to CPLR 103 (c).
The local law being challenged is part of the Cabaret Law and has been in effect in its present form since June 7, 1934. It provides in pertinent part that: "Premises licensed hereunder shall not be kept open for business, nor shall the public be permitted to enter or to remain therein, between four ante meridian and eight ante meridian” (Administrative Code, ch 32, tit B, § B32-303.0 [2]).
The portion of the State Alcoholic Beverage Control Law at issue provides that:
*208 “No alcoholic beverages shall be sold, offered for sale or given away upon any premises licensed to sell alcoholic beverages at retail for on-premises consumption, during the following hours * * *
"(b) * * * between four antemeridian and eight antemeridian * * *
“Nor shall any person be permitted to consume any alcoholic beverages upon any such premises later than one-half hour after the start of the prohibited hours of sale provided for in this section.” (Alcoholic Beverage Control Law § 106 [5].)
Both laws are similar in that they prohibit the licensed establishment from selling alcohol past 4:00 a.m. But, the similarity ends there. While the State law permits patrons of drinking establishments to remain on the premises and to consume alcohol until 4:30 a.m., the city law does not.
Obviously, there is no conflict between the two provisions if a cabaret does not sell liquor — the local law applies exclusively. However, when an establishment such as the Limelight is licensed by both the State Liquor Authority and the New York City Department of Consumer Affairs, a problem arises as to which of the two laws should prevail; its resolution depends on the application and analysis of the doctrine of preemption.
It is conceded that the power of the City Council to enact local legislation may be limited by State legislation. Where, for example, the State has enacted comprehensive legislation on a subject and has evidenced a desire to occupy the entire field to the exclusion of local legislation, a municipality cannot act in that area under the doctrine of preemption. (See, Monroe-Livingston Sanitary Landfill v Town of Caledonia, 51 NY2d 679 [1980].) “[S]ince the fount of the police power is the sovereign State, such power can be exercised by a local governmental unit only when and to the degree it has been delegated such lawmaking authority (56 Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions, § 428) * * * article IX (§ 2, subd [c], par [ii]) of the New York State Constitution specifies that any local law be 'not inconsistent with * * * any general law’ and that the legislative power of local government is limited 'to the extent that the legislature shall restrict the adoption of such a local law.’ ” (People v De Jesus, 54 NY2d 465, 468 [1981].)
The comprehensive and detailed Alcoholic Beverage Control Law unquestionably is preemptive of local law in the field of *209 alcohol regulation and control in New York State. That principle was settled by the Court of Appeals in People v De Jesus (supra). People v De Jesus concerned a Rochester city ordinance that prohibited persons from patronizing an establishment selling alcoholic beverages after 2:00 a.m. The court held that "by prohibiting persons from patronizing such establishments at times when State law would permit them to do so, the local law * * * would render illegal what is specifically allowed by State law” (54 NY2d 465, 472, supra). It therefore struck down the local law as conflicting with and preempted by Alcoholic Beverage Control Law § 106 (5).
The respondents argue however that this local law is of general application — that is, applicable to those establishments that sell liquor and those that do not. And, as has been noted by the Court of Appeals, laws of general application are not preempted by the State Alcoholic Beverage Control Law (People v Hardy, 47 NY2d 500 [1979]; People v De Jesus, supra).
Laws of general application are principally aimed at a legitimate concern of local government and do not attempt to control the sale and distribution of alcoholic beverages. These laws are not necessarily invalid. For instance, People v Hardy (47 NY2d 500, supra) involved a law which the Court of Appeals held was valid even though the law also involved an area that was licensed by the State. Specifically, this local ordinance banned disturbances of the peace in "any place of public resort”. (47 NY2d, at p 504.) The State however also licensed places of public resort which served alcohol. Nevertheless, the court upheld such an ordinance. In People v De Jesus (supra, p 471) the court referred to the ordinance in Hardy as one of general application and an example of a valid exercise of local government police power.
So, despite the preemptive nature of the Alcoholic Beverage Control Law, establishments selling alcoholic beverages are not necessarily exempt from local laws of general application. A distinction must therefore be made between local laws designed to regulate a subject matter unequivocally within the locality’s police power and those that explicitly attempt to control the sale of liquor. While the latter is prohibited, the former may be permitted. (Matter of Town of Fenton v Tedino, 78 Misc 2d 319 [Sup Ct, Broome County 1974], affd 47 AD2d 719 [3d Dept 1975].) In sum, a law which infringes on the sale of liquor may be permissible, so long as this purpose is *210 designed to ensure the peace, comfort, and decency of the locality. (People v Hardy, supra.)
Measured against this standard, is this local law designed to ensure the peace, comfort and decency of the locality? I do not think so. The legislative history of the local statute does not indicate a specific intent on the part of the City of New York to exercise a legitimate local function such as maintaining the peace and quiet of residential neighborhoods. Rather, the local law which was enacted in May 1934 simply mirrored the original State Alcoholic Beverage Control Law. That State law provided that on days other than Sundays, alcoholic beverages could not be sold between 3:00 a.m. and 8:00 a.m., except in New York City where the sale of alcoholic beverages was prohibited between 4:00 a.m. and 8:00 a.m. In 1965, the State statute was amended to include the additional provision that the public may remain on a State licensee’s premises to consume alcoholic beverages until 4:30 a.m. (L 1965, ch 1016.)* The local statute was never so amended.
The historical analysis indicates that for most of its life, the local law merely mirrored the State law. The city has failed to explain why it failed to amend the local law in 1965, so as to be in conformity with the State law. Its failure to change the law may have been just an oversight. But, the fact that a local law once mirrored a State law, absent the existence of a legitimate local police function, does not give it independent vitality under the applicable measuring standard.
I find that the DCA has failed to demonstrate that the purpose of section B32-303.0 is to regulate subject matter within the locality’s police power and that the ordinance only incidentally infringes on the sale of liquor. I further find that the ordinance is an improper intrusion into an area within the exclusive province of the State. By prohibiting the patronizing of businesses serving alcoholic beverages between 4:00 a.m. and 4:30 A.M., when State law permits the public to do so, the local law renders illegal what is specifically allowed by State law and is thereby invalid. (People v De Jesus, supra.)
Accordingly, I find that Administrative Code of the City of New York § B32-303.0 is an invalid exercise of local authority and the respondent New York City Department of Consumer Affairs and its Commissioner are enjoined from enforcing it.

 In 1974, the law was amended to prohibit the sale of alcoholic beverages after 4:00 a.m. throughout the State. (L 1974, ch 1036.)