THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENDA ALLEN, Appellant. [789 NYS2d 383]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered December 6, 2002. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated as a felony (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a jury trial of two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [i]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to the further contention of defendant, the police officer, who followed her vehicle and observed her vehicle straddling the fog line and then turn abruptly into a bank parking lot, had an objective credible reason to approach defendant's vehicle when it was parked at the ATM and request information from defendant (*see People v Ocasio*, 85 NY2d 982, 984-985 [1995]; *see generally People v De Bour*, 40 NY2d 210, 223 [1976]). Thereafter, the police officer detected the odor of alcoholic beverages on defendant's breath, defendant admitted that she had consumed several alcoholic drinks and defendant failed to perform field sobriety tests adequately. We therefore conclude that the arrest was based upon probable cause. Defendant's statements in response to the investigatory questions were not made in a custodial setting and thus County Court properly refused to suppress those statements (*see People v Bennett*, 70 NY2d 891, 893-894 [1987]; *People v Baker*, 188 AD2d 1012 [1992], *lv denied* 81 NY2d 967 [1993]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.