[947 NE2d 139, 922 NYS2d 248]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BRUNNER, Appellant.

Argued February 16, 2011; decided March 31, 2011

**APPEARANCES OF COUNSEL**

*Office of the Appellate Defender*, New York City (*Eunice C. Lee* and *Richard M. Greenberg* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Jared Wolkowitz* and *Mary C. Farrington* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

After a jury trial, defendant was convicted of criminal sale of a controlled substance, criminal possession of a controlled substance and resisting arrest. On direct appeal, he argued that his trial counsel had been ineffective for failing to file a CPL 30.30 motion to dismiss the indictment, a contention that the Appellate Division rejected.

We have recognized that, in a rare case, a single mistake by defense counsel may be so significant that we can conclude that defendant was deprived of his constitutional right to effective legal representation (*see People v Caban*, 5 NY3d 143 [2005]; *People v Turner*, 5 NY3d 476, 478 [2005]). In *Turner*, we determined that defendant had a meritorious record-based ineffective assistance of counsel claim because defense counsel had objected to the submission of a lesser-included offense but had neglected to raise a "clear-cut and completely dispositive" statute of limitations defense relating to that charge (*id.* at 481).

In this case, although defendant's arguments concerning the timeliness of the prosecution are substantial, there is nothing clear cut about his CPL 30.30 claim. The record of pretrial proceedings is complex and has spawned a dispute over the extent to which six discrete time periods were excludable from the readiness calculation. Had a CPL 30.30 application been filed in the trial court, its success would have depended on the resolution of several novel issues. Significantly, although the question remains open in this Court, one of the contentions made by defendant on appeal—involving a substantial number of the disputed days—had been rejected by the Appellate Division in a decision issued before this case went to trial (and trial counsel may have relied on this negative precedent in deciding not to pursue the motion) (*see People v Matthews*, 227 AD2d 313 [1st Dept 1996], *lv denied* 88 NY2d 989 [1996]). As to other time segments in issue, the applicability of various exclusions is debatable. Given that the governing law was unfavorable, we cannot say on this record that the failure to make a CPL 30.30 application rendered counsel's otherwise competent performance constitutionally deficient. We have considered defendant's remaining arguments and find them to be without merit.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.