People v Robinson (2019 NY Slip Op 07505)





People v Robinson


2019 NY Slip Op 07505


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


10122 635/12

[*1] The People of the State of New York, Respondent,
v
Reginald Robinson, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Mandy E. Jaramillo of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Leonard Livote, J.), rendered October 22, 2013, convicting defendant, after a jury trial, of robbery in the second degree, menacing in the second degree and criminal possession of stolen property in the fifth degree, and sentencing him to an aggregate term of five years, unanimously affirmed.
Defendant has not established that he was deprived of effective assistance based on counsel's failure to bring a second speedy trial motion, addressing time periods not encompassed by the court's denial of an earlier speedy trial motion. In this case, as in People v Brunner (16 NY3d 820, 821 [2011]), "although defendant's arguments concerning the timeliness of the prosecution are substantial, there is nothing clear cut about his CPL 30.30 claim." Accordingly, the record fails to establish that counsel's performance was constitutionally deficient.
The period of delay that began on June 19, 2012 appears to be excludable under CPL 30.30(4)(a) as delay resulting from motion practice and its resolution by the court, particularly because the record shows that neither party received the court's decision on defendant's omnibus motion for an extended period of time. If this delay is excluded, a speedy trial motion would fail even if each of the two remaining disputed periods were added to the 39 days of undisputedly includable time.
In any event, even if the delay beginning on June 19 were found to be includable, a successful speedy trial motion would still require that one or both of the remaining disputed periods be found includable. However, the record fails to establish that, in either instance, the People were not ready for trial.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK