People v Bailey (2020 NY Slip Op 00767)





People v Bailey


2020 NY Slip Op 00767


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


1226 KA 17-01127

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RUBEN L. BAILEY, JR., DEFENDANT-APPELLANT. 






BETZJITOMIR LAW OFFICE, BATH (SUSAN BETZJITOMIR OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered May 10, 2017. The judgment convicted defendant, upon a nonjury verdict, of criminal sexual act in the third degree and endangering the welfare of a child (five counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of criminal sexual act in the third degree (Penal Law § 130.40 [2]), and five counts of endangering the welfare of a child (§ 260.10 [1]). Contrary to defendant's contention, County Court properly prohibited defense counsel from questioning the victim's mother about the victim's past specific instances of lying (see generally People v Pavao, 59 NY2d 282, 288-289 [1983]; People v Jimmeson, 101 AD3d 1678, 1679 [4th Dept 2012], lv denied 21 NY3d 944 [2013]). Defendant was free to call qualified witnesses to testify to the victim's general reputation in the community for being untruthful (see generally Jimmeson, 101 AD3d at 1679) but failed to do so.
We also reject defendant's contention that defense counsel was ineffective for failing to introduce during the cross-examination of the victim a letter and a recording of the victim, each of which purportedly contained statements regarding the victim's credibility that would have been helpful to the defense. It is well settled that "the party who is cross-examining a witness cannot introduce extrinsic documentary evidence or call other witnesses to contradict a witness' answers concerning collateral matters solely for the purposes of impeaching that witness' credibility" (Pavao, 59 NY2d at 288-289). Inasmuch as the letter and recording constituted extrinsic evidence concerning collateral matters, any attempt by defense counsel to introduce those items to impeach the victim's credibility would have had " little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]), and thus defense counsel's failure to do so did not render him ineffective (see id.).
Defendant's further contention, raised for the first time in his appellate brief, that his right to a speedy trial was violated is unpreserved for our review (see People v Tirado, 109 AD3d 688, 690 [4th Dept 2013], lv denied 22 NY3d 959 [2013], reconsideration denied 22 NY3d 1091 [2014], cert denied 574 US 877 [2014]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). "A defendant who desires to raise the issue whether there has been compliance with the speedy trial statute must do so formally rather than as an added argument in an appellate brief, so that the People will have sufficient opportunity to put their side of the question before the court" (People v Hardy, 47 NY2d 500, 506 [1979]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court