People v Valentin (2020 NY Slip Op 02588)





People v Valentin


2020 NY Slip Op 02588


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


501 KA 17-00649

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAVIER VALENTIN, JR., DEFENDANT-APPELLANT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered March 24, 2017. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law
§ 140.25 [2]) and petit larceny (§ 155.25). We affirm.
The trial evidence established that, within 30 minutes and five blocks of the charged burglary, defendant was discovered in possession of the property stolen during the incident. Moreover, defendant's statements to his cousin on the day in question evinced consciousness of guilt. We thus reject defendant's contention that the evidence is legally insufficient with respect to the element of identity (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we likewise conclude that the verdict is not against the weight of the evidence as to identity (see People v Carmel, 138 AD3d 1448, 1449 [4th Dept 2016], lv denied 28 NY3d 969 [2016]; People v Hall, 57 AD3d 1222, 1226 [3d Dept 2008], lv denied 12 NY3d 817 [2009]; People v Mangual, 13 AD3d 734, 736 [3d Dept 2004], lv denied 4 NY3d 800 [2005]; see generally Bleakley, 69 NY2d at 495).
We reject defendant's further contention that Supreme Court erred in refusing to suppress the contents of a backpack stolen during the burglary. As a matter of federal constitutional law, a person lacks standing to challenge a warrantless search of stolen property that he or she knowingly possessed because any subjective expectation of privacy in such property is not legitimate (see United States v Tropiano, 50 F3d 157, 161-162 [2d Cir 1995]; see also United States v Caymen, 404 F3d 1196, 1200 [9th Cir 2005]). The same rule applies under New York law (see People v Ladson, 298 AD2d 314, 315 [1st Dept 2002], lv denied 99 NY2d 616 [2003]; People v Brown, 244 AD2d 348, 348 [2d Dept 1997], lv denied 91 NY2d 870 [1997]; People v Hernandez, 218 AD2d 167, 170 [2d Dept 1996], lv denied 88 NY2d 936, 1068 [1996]). Here, defendant concedes that the subject backpack was stolen and that he knowingly possessed such stolen property. The court thus properly determined that defendant lacked standing to challenge the search of the stolen backpack.
Contrary to defendant's related contention, the court did not rely impermissibly on evidence outside the record in refusing to suppress the contents of the backpack. As the People correctly note, a police officer testified at the suppression hearing that, shortly after the backpack was searched, the victim identified the backpack and its contents as the property stolen during the burglary. The victim's hearsay identification of the stolen property was admissible at the [*2]suppression hearing (see CPL 710.60 [4]), and the fact that she identified the stolen property after the backpack was searched is of no moment in evaluating defendant's standing to challenge that search (see generally People v Gonzalez, 68 NY2d 950, 951 [1986]). For purposes of standing, what matters is whether the searched property was stolen, not when the police learned that the searched property was stolen (see generally id.).
Defendant's statutory speedy trial argument is unpreserved for appellate review because he never moved to dismiss the indictment on that ground (see People v Hardy, 47 NY2d 500, 505 [1979]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see People v Bailey, 179 AD3d 1518, 1519 [4th Dept 2020]). Moreover, inasmuch as defendant's speedy trial argument is not "clear cut," defense counsel was not ineffective in failing to move to dismiss on that ground (People v Brunner, 16 NY3d 820, 821 [2011]).
Defendant's further contention that the court omitted a portion of the juror oath required by CPL 270.15 (2) is unpreserved for appellate review (see People v Mack, 135 AD3d 962, 963-964 [2d Dept 2016], lv denied 27 NY3d 1002 [2016]), and his contention does not raise a mode of proceedings error (see generally People v Chancey, 127 AD3d 1409, 1412 [3d Dept 2015], lv denied 25 NY3d 1199 [2015]). Defendant's reliance on People v Hoffler (53 AD3d 116 [3d Dept 2008], lv denied 11 NY3d 832 [2008]) is unavailing because the oath error in that case was preserved (see id. at 121). Moreover, defense counsel was not ineffective in failing to object to the purported technical error with respect to the oath (see People v Davis, 106 AD3d 1510, 1511 [4th Dept 2013], lv denied 21 NY3d 1073 [2013]).
The sentence is not unduly harsh or severe. We reject
defendant's remaining contentions.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court