People v Snell (2023 NY Slip Op 04876)

People v Snell

2023 NY Slip Op 04876

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND DELCONTE, JJ.

688 KA 21-00158

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JA'QUON SNELL, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JOHN J. MORRISSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JA'QUON SNELL, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered August 15, 2019. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends in his main and pro se supplemental briefs that County Court erred in refusing to suppress evidence found in his bedroom during a warrantless search of his residence by parole officers. We reject that contention. "A search which would be unlawful if directed against an ordinary citizen may be proper if conducted against a parolee" (People v McMillan, 130 AD3d 651, 653 [2d Dept 2015], affd 29 NY3d 145 [2017]). The record supports the court's determination that the search of defendant's residence was " 'rationally and reasonably related to the performance of the parole officer[s'] dut[ies]' and was therefore lawful" (People v Johnson, 94 AD3d 1529, 1532 [4th Dept 2012], lv denied 19 NY3d 974 [2012]; see People v Huntley, 43 NY2d 175, 179 [1977]).
Defendant further contends in his main brief that the search was unlawful because it was not authorized or performed by defendant's parole officer, but by other parole officers. Defendant did not raise that contention in his motion papers, during the hearing, or in his posthearing submission, and it is therefore not preserved for our review (see People v Socciarelli, 203 AD3d 1556, 1558 [4th Dept 2022], lv denied 38 NY3d 1035 [2022]; People v Jackson, 202 AD3d 1447, 1448-1449 [4th Dept 2022], lv denied 38 NY3d 951 [2022]). In any event, it is without merit. The evidence at the suppression hearing established that a parole officer obtained information that defendant made a social media post depicting himself holding what appeared to be a firearm, which was a violation of his parole. The parole officer attempted to contact defendant's parole officer, but he was not on duty. The parole officer contacted his supervisor, who authorized him to conduct a search of defendant's residence with other parole officers. We conclude that the fact that the search was not authorized or conducted by defendant's assigned parole officer does not render the search unlawful (see generally McMillan, 29 NY3d at 148-149).
We have considered the remaining contentions in the main and pro se supplemental briefs and conclude that they are without merit.
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court