People v Wills (2024 NY Slip Op 00580)

People v Wills

2024 NY Slip Op 00580

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

1054 KA 22-01849

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN M. WILLS, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Kevin Van Allen, J.), rendered October 11, 2022. The judgment convicted defendant upon a jury verdict of obstructing governmental administration in the second degree, driving while ability impaired and speeding. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, obstructing governmental administration in the second degree (Penal Law § 195.05) and driving while ability impaired by alcohol (DWAI) (Vehicle and Traffic Law
§ 1192 [1]). Defendant's conviction stems from an incident in which he was pulled over by the police for speeding and refused to comply with the deputy's order to exit the vehicle, which was issued after the deputy made observations that led him to suspect that defendant had been drinking.
Defendant contends that his statutory right to a speedy trial was violated inasmuch as the People's certificate of compliance was invalid. That contention is not preserved for our review (see People v Hardy, 47 NY2d 500, 505 [1979]; People v Valentin, 183 AD3d 1271, 1272 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]; People v Pohl, 160 AD3d 1453, 1454 [4th Dept 2018], lv denied 32 NY3d 940 [2018]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see Valentin, 183 AD3d at 1272; Pohl, 160 AD3d at 1454).
Defendant further contends that he was denied effective assistance of counsel by both his retained counsel and, after retained counsel was relieved, by his assigned counsel. Defendant contends that both retained and assigned counsel were ineffective in failing to make certain motions or to request certain hearings. "[A] showing that [defense] counsel failed to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel" (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Nuffer, 70 AD3d 1299, 1300-1301 [4th Dept 2010]). "To prevail on his claim, defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's failure to pursue colorable claims," and "[o]nly in the rare case will it be possible, based on the trial record alone, to deem counsel ineffective for failure to pursue a suppression motion" (People v Carver, 27 NY3d 418, 420 [2016] [internal quotation marks omitted]; see Rivera, 71 NY2d at 709).
The record before us does not establish that either retained or assigned counsel had any basis on which to challenge the legality of the traffic stop (see Carver, 27 NY3d at 420-421; People v Green, 196 AD3d 1148, 1150 [4th Dept 2021], lv denied 37 NY3d 1096 [2021], reconsideration denied 37 NY3d 1161 [2022]; see generally People v Scott, 189 AD3d 2110, 2110-2111 [4th Dept 2020], lv denied 36 NY3d 1123 [2021]) or the statements defendant made to the police during their investigation (see People v Snyder, 100 AD3d 1367, 1369-1370 [4th [*2]Dept 2012], lv denied 21 NY3d 1010 [2013]; see generally People v Allen, 15 AD3d 933, 934 [4th Dept 2005], lv denied 4 NY3d 883 [2005]). Defendant also "identifies no discoverable evidence that the People failed to disclose" such that a motion to invalidate the People's certificate of compliance would have been successful (People v Smith, 217 AD3d 1578, 1579 [4th Dept 2023]). It is well settled that "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to make a motion or argument that has little or no chance of success" (People v Francis, 63 AD3d 1644, 1644 [4th Dept 2009], lv denied 13 NY3d 835 [2009] [internal quotation marks omitted]; see generally People v Caban, 5 NY3d 143, 152 [2005]).
Defendant further contends that he was denied effective assistance when retained counsel informed County Court, after defendant failed to appear for the scheduled trial, that defendant had "refused to be [there]" and had not cooperated with him. Defendant, however, discharged retained counsel before the next court appearance and appeared with assigned counsel. The assignment of new counsel thus "remedied any harm" (People v Glynn, 21 NY3d 614, 619 [2013]). To the extent that defendant contends that assigned counsel was unprepared for trial, that assertion is not borne out by the record and, indeed, assigned counsel secured defendant's acquittal of the top count of the indictment. Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that both retained and assigned counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant's challenge to the legal sufficiency of the evidence with respect to the conviction of DWAI and obstructing governmental administration in the second degree is not preserved for our review inasmuch as defendant made only a general motion for a trial order of dismissal that was not based on the grounds set forth on appeal (see People v Gray, 86 NY2d 10, 19 [1995]; People v Contreras, 154 AD3d 1320, 1320 [4th Dept 2017], lv denied 30 NY3d 1107 [2018]). In any event, that challenge is lacking in merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). With respect to DWAI,
" '[c]onviction of [this] offense [does] not require proof of intoxication, but only that defendant's driving ability was impaired to any extent' " (People v McDonald, 27 AD3d 949, 950 [3d Dept 2006]; see Vehicle and Traffic Law § 1192 [1]). The deputy who initiated the traffic stop testified that defendant did not stop his vehicle immediately and appropriately, that defendant was confused when asked for his registration, and that he dropped the card before handing it over. The deputy further testified that defendant had watery and glassy eyes and slightly slurred speech and that the deputy detected an odor of alcohol on defendant's breath; additional deputies who arrived on the scene also testified that they detected the odor of alcohol. Defendant refused to exit his vehicle, stating that he "had been down this road before," and he was eventually pulled out of his vehicle and placed in a patrol vehicle. The traffic stop and arrest were recorded on the deputy's vehicle surveillance system, which the jury was able to view. That evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to establish that defendant operated a motor vehicle while his ability to do so was impaired by alcohol (see McDonald, 27 AD3d at 950).
With respect to the conviction of obstructing governmental administration in the second degree, as relevant here, a person is guilty of that crime when the person "intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of . . . physical force or interference" (Penal Law § 195.05). "[M]ere words alone do not constitute physical force or interference . . . the interference [must] be, in part at least, physical in nature" (Matter of Davan L., 91 NY2d 88, 91 [1997] [internal quotation marks omitted]; see People v Dumay, 23 NY3d 518, 524 [2014]; People v Case, 42 NY2d 98, 102 [1977]). However, "criminal responsibility should attach to minimal interference set in motion to frustrate police activity" (Davan L., 91 NY2d at 91). Here, the evidence that defendant refused to exit his vehicle when ordered to do so and that he locked the doors is legally sufficient to support the conviction of obstructing governmental administration in the second degree (see People v Williams, 55 Misc 3d 134[A], 2017 NY Slip Op 50478[U], *3-4 [App Term, 2d Dept 2017], lv denied 29 NY3d 1135 [2017]; see also People v Salter, 167 Misc 2d 877, 878 [Nassau Dist Ct, 1st Dist 1996]; see generally Davan L., 91 NY2d at 91-92).
Viewing the evidence in light of the elements of the crimes of DWAI and obstructing [*3]governmental administration in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict with respect to those counts is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court