People v Moore (2024 NY Slip Op 03987)

People v Moore

2024 NY Slip Op 03987

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

469 KA 23-00918

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PHILLIP MOORE, DEFENDANT-APPELLANT. 

ROSENBERG LAW FIRM, BROOKLYN (JONATHAN ROSENBERG OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D. BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Ross P. Andrews, A.J.), rendered October 21, 2022. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fifth degree, and criminally using drug paraphernalia in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of one count of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), three counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]), one count of criminal possession of a controlled substance in the fifth degree (§ 220.06 [1]), and two counts of criminally using drug paraphernalia in the second degree
(§ 220.50 [1], [3]). The conviction arises from a search of defendant's residence conducted by parole officers based on recent parole violations committed by him.
We reject defendant's contention that he received ineffective assistance of counsel. "In the context of a guilty plea, a defendant has been afforded meaningful representation when [the defendant] receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Brown, 305 AD2d 1068, 1069 [4th Dept 2003], lv denied 100 NY2d 579 [2003] [internal quotation marks omitted]). The defendant "must show that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial" (People v Hernandez, 22 NY3d 972, 975 [2013], cert denied 572 US 1070 [2014] [internal quotation marks omitted]). Here, the record establishes that defendant received a favorable plea bargain, and that defendant received meaningful representation (see Brown, 305 AD2d at 1069). To the extent that defendant's contention is premised upon defense counsel's failure to move to strike the People's certificate of compliance and failure to move to dismiss the indictment on speedy trial grounds, we note that there is nothing "clear cut about [defendant's] CPL 30.30 claim" (People v Brunner, 16 NY3d 820, 821 [2011]; see People v Valentin, 183 AD3d 1271, 1272 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]) and that "its success would have depended on the resolution of several novel issues" in light of the new discovery laws (Brunner, 16 NY3d at 821).
We further reject defendant's contention that his plea was made involuntarily. Any advice from defense counsel concerning his sentencing exposure or the strength of the People's case "does not constitute coercion" (People v Griffin, 120 AD3d 1569, 1570 [4th Dept 2014], lv denied 24 NY3d 1084 [2014]).
Defendant also contends that County Court erred in denying his motion to suppress the contraband found at his residence. We reject that contention. "It is well settled that a parole [*2]officer may conduct a warrantless search where . . . the conduct of the parole officer was rationally and reasonably related to the performance of the parole officer's duty" (People v June, 128 AD3d 1353, 1354 [4th Dept 2015], lv denied 26 NY3d 931 [2015] [internal quotation marks omitted]). The search must be "motivated . . . by legitimate reasons related to defendant's status as a parolee" (People v Johnson, 94 AD3d 1529, 1532 [4th Dept 2012], lv denied 19 NY3d 974 [2012]). A parole officer may search a parolee's home for evidence of a parole violation if the officer has reason to believe that a parolee violated the terms of parole (see People v Snell, 219 AD3d 1705, 1705 [4th Dept 2023], lv denied 40 NY3d 1082 [2023]). When searching a home, the officer may look "for evidence of other parole violations" (People v Barnett, 221 AD3d 1421, 1422 [4th Dept 2023], lv denied 41 NY3d 964 [2024] [emphasis added]). Here, defendant was on parole. Testimony at a suppression hearing established that, on two occasions shortly before the search of his residence took place, defendant was not at the premises during curfew hours and had thus violated the terms of his parole (see generally Snell, 219 AD3d at 1705). Moreover, defendant, as part of his parole conditions, consented to searches of his residence (see Johnson, 94 AD3d at 1530).
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Finally, we note that the certificate of disposition and the uniform sentence and commitment form must be amended to correct a clerical error (see People v Lewis, 185 AD3d 1542, 1543 [4th Dept 2020], lv denied 35 NY3d 1114 [2020]). Both the certificate of disposition and the uniform sentence and commitment form erroneously state that defendant was convicted of one of the counts of criminal possession of a controlled substance in the third degree under Penal Law § 220.16 (2), and those documents should therefore be amended to correctly reflect that defendant was convicted of all three counts of that offense under Penal Law § 220.16 (1).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court