People v Stoby (2024 NY Slip Op 05721)

People v Stoby

2024 NY Slip Op 05721

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

762 KA 23-00879

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDREW STOBY, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SHEILA L. BAUTISTA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (David A. Renzi, J.), rendered April 3, 2023. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]). Defendant contends that County Court did not make sufficient inquiry as to the People's actual readiness for trial under CPL 30.30 (5), erred in failing to strike the People's certificate of compliance, and erred in denying his "speedy trial motion" on timeliness grounds. Defendant contends in particular that, although the People indicated their readiness for trial, they had failed to comply with their disclosure obligations. Defendant's contentions are not preserved for appellate review "because he never moved to dismiss the indictment on th[ose] ground[s]" (People v Valentin, 183 AD3d 1271, 1272 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]; see People v Robinson, 225 AD3d 1266, 1267 [4th Dept 2024]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant contends, in the alternative, that he was denied effective assistance of counsel by defense counsel's failure to raise the alleged speedy trial violations in his omnibus motion. Under the circumstances presented on the record, we conclude that defendant "has failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's alleged shortcomings" (People v Rojas-Aponte, 224 AD3d 1264, 1265 [4th Dept 2024] [internal quotation marks omitted]; see People v Dunn, 229 AD3d 1220, 1223 [4th Dept 2024]). Moreover, to the extent that defendant's contentions are based on matters outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claims (see Dunn, 229 AD3d at 1223; see generally People v Sims, 41 NY3d 995, 996 [2024]; Rojas-Aponte, 224 AD3d at 1265).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court