People v Compton (2025 NY Slip Op 03904)

People v Compton

2025 NY Slip Op 03904

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND HANNAH, JJ.

401 KA 22-00995

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER COMPTON, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN E. MARKARIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Supreme Court, Erie County (Paul Wojtaszek, J.), rendered May 6, 2022. The judgment convicted defendant, upon a plea of guilty, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that he was denied his statutory right to a speedy trial, asserting, inter alia, that the People's original certificate of compliance (see CPL 245.50) was illusory. By failing to move to dismiss the indictment on statutory speedy trial grounds, defendant failed to preserve his contention for our review (see People v Valentin, 183 AD3d 1271, 1272 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]; see generally People v Myles, 232 AD3d 1295, 1295-1296 [4th Dept 2024], lv denied 43 NY3d 945 [2025]; People v Minwalkulet, 198 AD3d 1290, 1292-1293 [4th Dept 2021], lv denied 37 NY3d 1147 [2021]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice.
To the extent that defendant also contends that he received ineffective assistance of counsel based on defense counsel's failure to move to dismiss the indictment on speedy trial grounds and assuming, arguendo, that the contention survives defendant's guilty plea (see People v Adams, 232 AD3d 1302, 1303 [4th Dept 2024], lv denied 42 NY3d 1078 [2025]), we conclude that, "inasmuch as defendant's speedy trial argument is not 'clear cut,' defense counsel was not ineffective in failing to move to dismiss on that ground" (Valentin, 183 AD3d at 1272, quoting People v Brunner, 16 NY3d 820, 821 [2011]; see generally People v Pitts, 206 AD3d 1582, 1584 [4th Dept 2022], lv denied 38 NY3d 1135 [2022]; People v Claitt, 222 AD2d 1038, 1038 [4th Dept 1995], lv denied 88 NY2d 982 [1996]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court